### CHRIS. MOERLEIN, EXECUTOR, v. ELLA S. HEYER.

#### No. 1597. Decided December 12, 1906.

**1.—Will—Legacy—Charge on Real Estate.**

General pecuniary legacies are not chargeable upon real estate unless the intention so to do is expressed or implied from the language of the will. (P. 248.)

**2.—Same.**

A devise by testator to his children, of "my entire estate except the amounts I leave to my friends, C. M. and his wife," followed by a bequest of $10,000 each to C. M. and to his wife, held not to show an intent to charge such legacies on the real property of testator's estate when the personalty proved insufficient to meet it. (Pp. 247–249.)

**3.—Same—Fact Case.**

A testator died in 1890, leaving to his independent executor, and to the latter's wife, legacies of $10,000 each, and his entire estate, except such amounts, to his children; when the will was executed he had personal property estimated at $80,000, or more, which had become valueless at his death; the executor, fourteen years after the death, sued purchasers of real estate of the testator from the heirs, to recover it for payment of the legacies, there being no debts of the estate except that the executor claimed that testator owed him $16,000, which he had taken no steps to enforce because relying on the legacy. Held, that he could not charge the legacy on the real estate, and that his claim was not strengthened by the existence of the debt which he had taken no steps to enforce. (Pp. 247–250.)

**4.—Independent Executor—Limitation.**

Query, whether limitation would run in favor of the estate of a testator against indebtedness to the independent executor under his will. (P. 250.)

Error to the Court of Civil Appeals for the First District, on error from Harris County.

Moerlein, as independent executor, sued Heyer for recovery of land and had judgment. Defendant prosecuted error to the Court of Civil

Appeals, where the judgment was reversed and rendered in favor of plaintiff in error. Defendant in error, plaintiff in the trial court, then obtained writ of error from the Supreme Court.

*F. F. & E. T. Chew* and *Ewing & Ring,* for plaintiff in error Moerlein.

The independent executor of the testator, as such, was entitled to possession of the land, so as to appropriate it by sale to the payment of the debt which was owing to him by the testator. Sayle's Texas Civ. Stats., arts. 1882, 1869, 1926, 1927; Merchants Mutual Ins. Co. v. La Croix, 45 Texas, 158; Carother v. Walton (Texas Sup.), 1 S. W. Rep., 79; Gulf, C. & S. F. Ry. Co. v. Harriett, 80 Texas, 73, 80; Martin v. Robinson, 67 Texas, 368; Roy v. Whittaker, 92 Texas, 346; Carlton v. Goebler, 94 Texas, 93, 99; Hudson v. Wilkinson, 61 Texas, 609; Bell's Estate v. Merchants National Bank, 76 S. W. Rep., 798, error refused; Moore v. Bryant, 10 Texas Civ. App., 133-134; 8 Am. St. Rep., 722.

The land in controversy was subject, under the terms of the will, to appropriation for payment of the legacy, both by necessary implication and expressed requirement. Lewis v. Darling, 16 How. (U. S.), 10-11, and cases cited below as following it; Stumpf's Executor v. Deneale, 1 Pet. (U. S.), 585-589; Wright v. Denn, 10 Wheat. (U. S.), 204; Jarman's Wills (6th ed.), vol. 1, secs. 379, 384, 594, vol. 2, sec. 1410; 2 Perry's Trusts (5th ed.), secs. 569, 570; Beach's Wills, secs. 245, 248; Hawkins' Wills, sec. 294; 2 Redfield's Wills, sec. 209; 18 Am. & Eng. Ency. of Law (2d ed.), 712, 720; 11 id., 359 and note, 555 and cases cited; 19 id., 1312 and cases cited; 1 id., 60; 8 Am. St. Rep., 722, note; Gallagher's Appeal, 48 Pa. St., 122; Robinson v. McIver, 63 N. C., 649; Greville v. Browne, 7 H. L. Cas., 689, and cases cited below as following it; Newsom v. Thornton, 82 Ala. 402, 60 Am. Rep., 743; Lee v. Lee, (Va.), 14 S. E. Rep., 534, 535, and cases cited; Turner v. Gibb, 48 N. J. Eq., 529; Phillips v. Clark, 18 R. I., 631.

Where a fund, liable alike to payment of a debt and legacy, has been appropriated to the debt, the legatee may, by subrogation to the creditor's right, have appropriated to his legacy land that was subject to the payment of the debt alone; a fortiori is a legatee entitled to that relief where the legacy has paid the debt. 19 Am. & Eng. Ency. of Law, pp. 1309, 1310 and 1373, and cases cited.

*Taliaferro & Wilson,* for defendant in error Heyer.—A supported finding of fact made by the Court of Civil Appeals is binding upon the Supreme Court, and the Court of Civil Appeals having found as a fact that there was no debt due to Moerlein, that finding is conclusive in this hearing. There was no doubt shown to exist in favor of the independent executor, and a discussion of what an independent executor can do when there is a debt due him is immaterial.

The clause in Bremond's will devising his estate to his four children, by name is not a residuary clause. The will of E. L. Bremond does not, either by expressed requirement or necessary implication, charge the legacy to Moerlein upon the land in controversy. Arnold v. Dean, 61 Texas, 253; Minter v. Burnett, 90 Texas, 253; Smith v. Cairns, 92 Texas, 670, 671; Wright v. Dean, 10 Wheat., 226, 227; Brill v. Wright, 112

N. Y., 129, 133, 8 Am. St. Rep., 717; Morris v. Sickly, 133 N. Y., 456, 458, 459; Bevan v. Cooper, 72 N. Y., 323, 324; Note in 8 Am. St. Rep., 722; Page on Wills, sec. 747, p. 887; 19 Am. & Eng. Ency. Law, 1302; Pittman's Estate, 182 Pa., 355, 359, 360; Jewett v. Jewett, 12 Ohio C. D., 131-333; Willard's Estate, 68 Pa., 327-332; Appeal of Sproul, 105 Pa., 438-441; Lewis v. Darling, 16 Howard, 9; Hoyt v. Hoyt, 85 New York, 147; 7 Words and Phrases, 6168-6170; In re Williams, 112 Cal., 521; 53 Am. St. Rep., 224, 226, 227; Morton v. Woodbury, 153 N. Y., 243.

All debts due by an estate will be presumed to have been paid and the estate closed after the lapse of such time as will, under the statutes of limitation, bar any action for the recovery of any debt, and the evidence showing not only that almost fourteen years had elapsed since the probate of Bremond's will, but also affirmatively that there were no debts, the estate should be held to be closed. Easterling v. Blythe, 7 Texas, 210, 213; Chandler v. Hudson, 11 Texas, 32; Clay v. Clay, 13 Texas, 195, 202; Murphy v. Menard, 14 Texas, 62, 66; Wardrup v. Jones, 23 Texas, 489, 494, 495; Marks v. Hill, 46 Texas, 345; Duncan v. Veal, 49 Texas, 603, 610; Paul v. Willis, 69 Texas, 261, 264, 7 S. W. Rep., 357, 358; Grimes v. Smith, 70 Texas, 217, 220; Main v. Brown, 72 Texas, 505; McCamant v. Roberts, 80 Texas, 316, 327; Blackwell v. Blackwell, 86 Texas, 207, 210; Blair v. Cisneros, 10 Texas, 35, 45; Portis v. Cummings, 14 Texas, 139; Guilford v. Love, 49 Texas, 715, 742; Northcraft v. Oliver, 74 Texas, 162; Chapman v. Mansfield, 29 S. W. Rep., 820.

WILLIAMS, ASSOCIATE JUSTICE.—Plaintiff in error, as independent executor of the will of E. L. Bremond, deceased, brought this action to recover of the defendant in error a small parcel of land in the city of Houston. Defendant, in her answer. set up title by purchase from the heirs and devisees of the decedent and alleged that there were no debts or charges against the estate and no reason for the recovery of the land by the executor for the purposes of the trust and asked that he be required to account and that the administration be adjudged to be closed. In reply the plaintiff set up the will and its probate whereby he was made independent executor, and in which legacies of $10,000 each were left to him and his wife, and asserted the right to recover the property from the possession of the defendant in order to apply it to the payment of the legacies which he asserted were charged by the will upon the real estate of the testator. In order to strengthen this claim, but not to enforce any indebtedness of the testator to him. he further alleged the testator was indebted to him for moneys advanced, more than $16,000, and that when he "accepted the trust of executor of said will he surrendered all of his said claim against said estate and assented to take and receive the said legacy bequeathed to him in said will in full discharge and satisfaction of the indebtedness aforesaid," for which, as an additional reason, he asserted that the land should be charged with the payment of his legacy.

Stated more in detail, the facts developed by pleading and proof were that in 1885 E. L. Bremond made a will reading as follows:

"1st. I desire all my just debts paid as soon as same can be done.

"2d. I devise and bequeath to my four children, Hattie, Lottie, Lula and Willie Bremond, my entire estate, except the amounts I leave to my friends, Chris. Moerlein and his wife Mollie.    .

"3d. I wish to set aside enough to support William and Martha Wallen, my children's grandparents, during their lifetime.

"4th. I give and bequeath to my dear friends, Chris. Moerlein and his wife Mollie $10,000 each."

When this will was executed the property of the testator consisted principally of his interest in the estate of his deceased father, a large part of which was railroad stock, in which alone the son's interest was supposed to be worth over $83,000. E. L. Bremond died in 1890 and his will was probated and plaintiff qualified and took charge of his estate in September of that year. At that time the railroad stock had proved to be worthless and the only other property inventoried consisted of claims for considerable amounts against insolvent persons, which proved uncollectible, except that a comparatively small sum was received on one of them and applied by plaintiff upon his legacy. The land in controversy, claimed by plaintiff to be worth about $1,500, was set apart to the estate of E. L. Bremond from that of his father by partition proceedings which ended in 1898. In 1902 the children and devisees named in the will of E. L. Bremond conveyed it to defendant. This suit was brought in June, 1904. No debts ever existed against the estate unless one was due to plaintiff. He testified that the testator owed him, as alleged, but he has never in any way attempted to enforce or collect his claim during nearly fourteen years succeeding his qualification as executor.

Upon this state of facts we are to decide whether or not the plaintiff is entitled to have the legacies charged upon the land and to recover it for that purpose; and we have reached the conclusion that the Court of Civil Appeals was right in holding that he is not.

It is conceded that general pecuniary legacies are not chargeable upon real estate unless, in some way, the testator has expressed in his will the intention that they be so charged. The particular language by which he does so is unimportant, but it is essential that his intentions fairly and affirmatively appear from the provisions made in the instrument. One of the most frequent forms of expression, in which the direction is not expressly given, but in which most courts have deduced the intention as implied, is where the testator treats his estate, real and personal, as one blended mass, provides for the payment of debts and legacies, and then bequeaths the rest, or residue, or remainder of the estate so blended. The terms thus used in the residuary clause are held to mean that which remains of the entire estate after payment of debts and legacies, and, as only such residue of the land is to pass to the residuary devisee, the intention that the land shall first be devoted to the payment of legacies is held to be implied. Another clear way of implying the intention is to devise the land "after" or "subject to" . the payment of legacies.

The position of counsel for plaintiff in error is that the language of the will in question equally, or even more strongly, expresses the intention to prefer the legatees to the devisees and to make the legacies payable before anything shall pass to the latter; for, it is argued, the

legacies are excepted out of the entire estate, real and personal, and what remains is devised. The language employed may be conceded to be consistent with such an intent of the testator, but is it inconsistent with any other? If not, it can not be said that the necessary intent affirmatively appears. It is true of all bequests that they are to be taken out of the estate disposed of by the will, and language which merely expresses that thought can not be said to provide how or out of what property satisfaction is to be made. The mere fact that, in designating his beneficiaries and the portions of the property they are to receive, the testator says that one shall receive all except that which is given to another is hardly an expression of the idea of priority or precedence of one over the other. That seems to us to be all this testator has done. All that he said is entirely consistent with the assumption that, in disposing of the estate which he supposed to be ample for all purposes, he had no thought as to the manner in which the legacies should be raised, whether out of the personal or the real estate, and that, as an easy way of stating the portions each of his beneficiaries should receive, he provided his children should have all except that which was given to the legatees. With no violence to the language, it may be construed as if it read: "I give to my children all but that, or all save that, I give to my legatees;" or, "I give to my children all my estate, not including the amounts given as legacies." (Austin v. Willis, 90 Ala., 421.)

There is an entire absence of an affirmative expression of the idea of precedence or priority in favor of legatees over the devisees of the realty, which was present in the classes of wills above referred to and asserted to be analogous to this.

The fact that the estate, personal and real, is spoken of as one is not of great importance. At common law the realty went to the heir or devisee and was not assets in the hands of the personal representative for the payment of either debts or legacies. Legacies were paid by the personal representative out of the personal estate alone, unless such provision was made by will as to entitle them to satisfaction out of the realty. Hence there was great significance in the fact that a will changed the course of the law by blending both characters of property into a common fund, provided for the payment of legacies, and left only the residue to devisees. But by our statute all of the estate is blended and goes to the administrator or executor for purposes of administration. The heirs, legatees and devisees take the title subject to the right of the legal representative to administer the property. The debts are charged by law upon all property, real, personal and mixed, and the legal representative holds all of it to pay debts; but the rule of the common law by which, in the absence of contrary provision by the decedent, legacies are payable out of the personalty alone has not been changed. Hence the mere fact that a testator in this State treats his estate as the law treats it, as an entirety for the purposes of administration, indicates no more than his recognition of the fact that all of it must go to his executor to satisfy the purposes of the law and shows no purpose to alter the provision made by the law as to the application of the different kinds of property to the payment of debts and legacies.

The plaintiff neither alleges nor proves that the legacies were given by the testator and accepted by him in satisfaction of the debt, if such a fact would alter the case. His contention that he is entitled to recover and apply the property to the payment of his debt, if not to his legacy, finds no support in his pleadings or evidence. In the case, as he made it below, he did not assert and has never asserted such a right. The former existence of the debt was referred to merely as a fact which, it was supposd, might strengthen his claim to the legacy, but at last that is his only claim. His case is distinctly rested upon this alleged right to appropriate the property to his legacy and must depend upon that contention. The mere fact that he once held and could have enforced a claim against the estate does not strengthen his case as he has made it. and we by no means intimate that he could now hold the property to be applied to the debt if he had attempted to do so. Whether or not an independent executor is entirely exempted from the operation of the statute of limitations against debts due to him from the testator by the fact that he can not sue upon it to get judgment against himself or others, is a question upon which different views have been entertained. He undoubtedly has the right to secure satisfaction out of the assets of the estate in his hands by proceedings appropriate to the nature of the case, and it by no means seems clear to us that limitation might not run against him where he in no way attempts the assertion and enforcement of his claim. But whether so or not, and whatever may be the time and circumstances under which the statute would operate, if at all, it seems quite clear that such a trustee should not be allowed to prolong his administration for such a purpose after the lapse of nearly fourteen years from the incipiency of his trust, during which time he has, not only not set up his debt in any way, but has abandoned it and applied to a different demand money received and properly applicable to the debt.

We thus reach the conclusion that the opinion and judgment of the Court of Civil Appeals were correct.

*Affirmed.*