Elizabeth K. SINNOTT, Appellant,

v.

Margaret K. GIDNEY, Appellee.

No. 6755.

Court of Civil Appeals of Texas.

Amarillo.

March 24, 1958.

Rehearing Denied April 21, 1958.

Lenihan & Ivers, Seattle, Wash., Peyton B. Randolph, Plainview, for appellant.

Boyer & Lemon, Perryton, Tudor, Tunnell & Formby, Morehead, Sharp & Boyd, Plainview, for appellee.

NORTHCUTT, Justice.

For statement of the nature and result of this suit we will use this portion of appellant's statement: Margaret K. Gidney, for herself and as independent executrix of the Will of Katie Keliehor, Deceased, petitioned the District Court of Hale County, Texas, wherein the probate of said Will is pending, for construction of said Will, for determination of whether wheat crops were personal or real property on the date of death, whether death duties, debts, expenses and fees be charged against and paid out of personal property or real property, and for settlement and distribution.

After trial to the Court it entered its judgment and decree on the 29th day of August, 1957, that item Second of the Will was not a specific legacy of all personal property of the deceased, and that all death duties, debts, expenses of administration and fees must be paid out of such personal property; that item Third of the Will was not a residuary legacy within the rule requiring payment of death duties, debts, expenses of administration and fees out of the real property in such legacy; that the 1952 wheat crop from land in Parmer, Floyd and Hale Counties, Texas, was personal property on June 21, 1952, the date of testatrix' death passing under the Second item of the Will; and that the 1952 crop from land in Williamson County, Texas, was real property on said date of death passing under the Third item of the Will. The issues to be determined involve the following portions of the will of Katie Keliehor, deceased:

"*First*: I direct that my Executrix, hereinafter named, pay from my estate all of my just debts and funeral expenses.

"*Second*: I give and bequeath to my sister, Elizabeth K. Sinnott, all of the personal property of every kind and nature, of which I may die possessed, including all cash, stocks, bonds, bank accounts and savings and loan accounts, and including any personal property of any kind or nature which I may have received or which I shall have the right to receive from the Estate of my sister, Annie Keliehor, who departed this life on November 2, 1950.

"*Third*: All the rest, residue and remainder of my estate, which is real property situated in the State of Texas, I give, devise and bequeath as follows, to-wit: One-fifth (1/5) to my sister, Margaret Gidney, and in the event she does not survive me to her children, share and share alike; one-fifth (1/5) to my sister, Elizabeth K. Sinnott, and in the event she does not survive me to her children, share and share alike; one-fifth (1/5) to my brother, Charles

J. Keliehor, and if he does not survive me to his children, share and share alike; one-fifth (⅕) to the surviving children of my sister, Mary Barnhart, now deceased, whose names are as follows, to-wit: Bess Davis, Joseph Barnhart, Cecil Walling, Elizabeth Hasler, Marguerite Trueblood, Mildred Moore, Annette Quinn, and Christine Smith, or to the survivors of them, share and share alike; and one-fifth (⅕) to the surviving children of my brother, William Keliehor, now deceased, whose names are: Joseph Keliehor, and Maurice Keliehor, or to the survivor of them."

By appellant's first three assignments of error she contends the court erred in construing and interpreting the will contrary to the intention of Katie Keliehor; in decreeing that the second item in the will was not a specific legacy of all personal property of testatrix and in subjecting the personal property to the payment of all death duties, debts, expenses of administration and fees; in decreeing that the third item in the will was not a residuary legacy within the rule requiring payment of death duties, debts, expenses of administration and fees from the real property in such legacy and by appellant's fourth point of error contends the court erred in decreeing that the 1952 wheat crop from the land in Williamson County, Texas, was not personal property on June 21, 1952, passing to appellant under the second item in the will.

■■ From the reading of this will there are four things we can determine that the testatrix desired and intended as expressed by her in her will. She directed that all her just debts and funeral expenses be paid from her estate; she gave and bequeathed all of her personal property to appellant; she gave, devised and bequeathed her real estate ⅕ to Margaret Gidney, ⅕ to Elizabeth Sinnott, ⅕ to Charles Keliehor, ⅕ to the surviving children of Mary Barnhart and ⅕ to the surviving children of William Keliehor; and then stated who

was to act as executrix. We are of the opinion that it is not necessary to cite any authorities to the effect that such charges as inheritance taxes, administration expenses and like expenses must be paid but they are not debts of the testatrix. If it can be reasonably determined what the testatrix directed or intended in disposing of her property her wishes and directions will control as to who is to receive the property and how the expenses etc. are to be paid. It is stated in the case of Williams v. Smith, 146 Tex. 269, 206 S.W.2d 208, 213, by the Supreme Court:

> "It must be presumed that the terms 'rest and residue' were used in their normal, usual and legal sense, with the result that nothing would pass to the trustees until all prior bequests, debts, and expenses of administration had been paid."

■■ Our main concern is not so much in determining what the testatrix meant to say as it is to determine what she meant by what she did say. It is to be noticed that the testatrix in the third item of her will stated:

> "All the rest, residue and remainder of my estate, *which is real property situated in the State of Texas*, I give, devise and bequeath as follows, to-wit:" (Emphasis ours.)

Then gave each of the parties as above mentioned ⅕ of the land in Texas. The testatrix plainly said the rest, residue and remainder of her property was the real estate in Texas. We are of the opinion under the terms of this will that the rest, residue and remainder of the estate is what is left after the payment of all debts, legacies, expenses of administration and other property, charges and commissions because she specifically stated the rest, residue and remainder of her estate was the land in Texas. Testatrix did not say how the rest, residue and remainder of her estate but said in no uncertain terms the rest, residue and remainder of her estate was in the land in Texas.

**954**

It is well settled in this state in determining the meaning expressed in the will the entire will must be considered. If this line of reasoning is correct, and we think it is, the testatrix intended for the land in Texas to be given to the parties free and clear of any of these expenses. She clearly required that her just debts and funeral expenses be paid from her estate, and after declaring that that be done she stated the rest, residue and remainder of her estate was the land in Texas. Then since these different items must be paid the only property she could have intended to be used for paying the same from her estate would be from the personal property, since there was no other property shown except the land in Texas and we overrule appellant's first three points of error. But should we be wrong in our reasoning as above stated, we are of the opinion under this record these expenses should be paid from the personal estate as shown in the case of Thompson v. Thompson, 149 Tex. 632, 236 S.W.2d 779, by the Supreme Court.

Appellant's fourth point of error states the court erred in decreeing the 1952 wheat crop from the land in Williamson County, Texas, was not personal property on June 21, 1952, the date of the death of testatrix. The trial court at the time of this hearing asked the parties if they wouldn't offer some evidence as to the status of the crops growing on the land and was advised that it made no difference. No proof was offered as to these crops. We do not know whether the crops were wheat or cotton. Whatever rights all parties received as to the land in question was vested when the testatrix died on June 21, 1952. The trial court held these crops in Williamson County were not mature, therefore, constituted real property within the meaning of the Keliehor will. The opinion, adopted as the opinion of the Supreme Court, in the case of Roberts v. Armstrong, Tex.Com.App., 231 S.W. 371, held that the crops, fruits of industry, so long as they are attached to the land, are held to pass with the deed thereto unless actually or constructively severed. In the case of Dimmitt Elevator Co. v. Carter, Tex.Civ.App., 70 S.W.2d 615, 618, the court stated:

"The general rule is that crops raised upon land are a part of the realty and, in the absence of an agreement to the contrary, are the property of the owner of the land."

Under this record we cannot say the court was in error in holding the crops on the Williamson County land were not mature, and neither can we say they were actually or constructively severed. Appellant's point four is overruled.

Judgment of the trial court is affirmed.