**REPUBLIC NATIONAL BANK OF DALLAS, Trustee, Transferee, Estate of R. B. George, Deceased, Transferor, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 20277.

United States Court of Appeals
Fifth Circuit.

July 16, 1964.

is the trustee and transferee of the estate of R. B. George, deceased (decedent).

Decedent died testate on March 2, 1956. His estate tax return was filed May 31, 1957, in which a gross estate of $4,246,-228.51 was reported. The estate was in administration from March 2, 1956, to November 25, 1959, during which time administration expenses totaling $156,-785.06 were paid. The executor took advantage of the election provided for in § 642 of the Internal Revenue Code of 1954, and showed the expenses as deductions in the fiduciary income tax returns, signing statements that there had not been and would not be any attempt to deduct the same expenses in the estate tax return.

The decedent's will, after disposing of certain property, gave the rest and residue in trust with directions to the trustee to pay a number of small annuities to stated individuals from trust estate income. The trustee was then directed to pay the net income of the trust estate to decedent's sister for life, then to decedent's brother for life, and then to a specified and unquestionably qualified charity. The will did not provide for the payment of administration expenses.

In the estate tax return filed by the executor, a deduction was taken for the full amount of the residue as a charitable deduction.[1] The Commissioner of Internal Revenue declared a deficiency, stating that the deduction must be diminished by the amount of the administration expenses. The Tax Court ruled in favor of the Commissioner of Internal Revenue, giving as its reasons: (1) the books of the executor show that the expenses were paid out of the account designated "Principal Cash" or corpus, and not out of the account designated "Income Cash" or income; and (2) even if the expenses were paid out of income instead of corpus, the will directed that the income was immediately payable to decedent's sister, and hence not subject to

L. E. Elliott, Dallas, Tex., for petitioner.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Crane C. Hauser, Chief Counsel, Charles Owen Johnson, Atty., I. R. S., Ralph Spritzer, Robert N. Anderson, Morton K. Rothschild, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before HUTCHESON, BROWN and GEWIN, Circuit Judges.

GEWIN, Circuit Judge.

This is a petition for review of a decision of the United States Tax Court in favor of the Commissioner of Internal Revenue and against the petitioner, who

1. There has been no issue made on this appeal as to the method used in calculating the value of the two life interests involved so as to arrive at the value of the residual bequest to charity.

payment of expenses except with the sister's consent and approval. This would have constituted a gift to the charity by the sister and not by the decedent, hence not properly includable in the estate's charitable gift deduction.

■ Petitioner argues strenuously that so long as the charitable bequest is not actually reduced by payment of the expenses, the deduction must not be diminished. However, even if this be true, petitioner fails to prove that the value of the bequest was in fact not reduced. The court below found that the expenses were paid out of the corpus and not out of income. Unless such finding is clearly erroneous, it is binding and dispositive of petitioner's contention. Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960). In Luehrmann's Estate v. C. I. R., (8 Cir. 1961) 287 F.2d 10, the Eighth Circuit stated:

"The burden rests upon a taxpayer to show his right to a claimed deduction or exemption. Interstate Transit Lines v. Commissioner, 319 U.S. 590, 593, 63 S.Ct. 1279, 87 L.Ed. 1607; United States v. Stewart [311 U.S. 60, 61 S.Ct. 102, 85 L.Ed. 40], supra.

"Decisions of the Tax Court are to be reviewed by the same standards as are applied to decisions of the district court in civil cases tried without a jury. Findings of fact by the Tax Court shall not be set aside unless they are clearly erroneous. Greenspon v. Commissioner, 8 Cir., 229 F.2d 947, 949; Omaha Nat. Bank v. Commissioner, 8 Cir., 183 F.2d 899, 902, 25 A.L.R.2d 628; Doll v. Commissioner, 8 Cir., 149 F.2d 239, 247."

It is our opinion that the Tax Court was not clearly erroneous in accepting the executor's book entries as evidence of the source of the payments.

■ Petitioner argues that under Texas law administration expenses are to be paid out of income. Without deciding whether state or federal law is con-

trolling, we find that in the absence of provisions for the payment of such expenses, the Texas law provides that they are to be paid out of the corpus. In Sinnott v. Gidney, 159 Tex. 366 (1959), 322 S.W.2d 507, 74 A.L.R.2d 544, the Texas Supreme Court said:

"On the other hand, the gift by a testator of the 'residue' or 'rest, residue and remainder' of his estate is usually very significant. These expressions and words of similar import are ordinarily used in a will to refer to the portion of the estate that is left after all debts and legal charges have been paid and other testamentary gifts have been satisfied, and they have been given this construction by the courts on many occasions. The presumption is that the testator used them in that sense unless a contrary intention clearly appears. See Williams v. Smith, 146 Tex. 269, 206 S.W.2d 208. In the absence of testamentary provisions to the contrary, therefore, the residuary estate is to be applied in payment of debts and other charges before any of the property otherwise disposed of. See Plunkett v. Old Colony Trust Co., 233 Mass. 471, 124 N.E. 265, 7 A.L.R. 696; 97 C.J.S. Wills § 1320, p. 233. This merely carries out the intention of the testator as expressed in the will."

Finally, we feel that the case of Luehrmann's Estate v. C. I. R., (8 Cir. 1961) 287 F.2d 10, is clearly in point and supports the holding of the court below. See also Harrison v. Northern Trust Co., 317 U.S. 476, 63 S.Ct. 361, 87 L.Ed. 407 (1943). The following language from Luehrmann is dispositive of all of petitioner's contentions:

"We agree with the Tax Court's statement that there is no evidence to support a finding that the administration expenses were in fact paid out of income. The record is completely silent as to the source of the funds used to pay the administration expenses. Upon this record, we are not compelled to conclude that

such expenses were in fact paid out of income and that the corpus was not diminished by reason of the administration expenses incurred and paid.

\*　　\*　　\*　　\*　　\*　　\*

"Upon the record before us, we cannot find that the Tax Court committed error in determining that the taxpayers had not met the burden of proof imposed upon them to establish that the residuary estate passing to charity was not diminished by the administration expenses paid. Such determination is dispositive of this appeal and makes consideration of other contentions advanced by the Government unnecessary."

The judgment is affirmed.