**Rachel Gansel PIPKIN, Individually and as Co-Independent Executrix of the Estate of Enid T. Hays, Deceased and Eda Frances Gansel, Appellants,**

**v.**

**Robert D. HAYS, Individually and as Co-Independent Executor of the Estate of Enid T. Hays, Deceased, et al., Appellees.**

**No. 11923.**

Court of Civil Appeals of Texas, Austin.

June 21, 1972.

Rehearing Denied July 12, 1972.

Gibson, Ochsner, Adkins, Harlan & Hankins, Jon Oden, Amarillo, for appellants.

Sam McCollum, III, Brady, for appellees.

O'QUINN, Justice.

This is a declaratory judgment action brought by a devisee and one of the two independent executors of a will, seeking construction of a provision in the will affecting the burden of taxation.

The question to be decided is whether, by use of the phrase "any and all inheritance taxes," the testatrix intended the term to encompass all "death taxes," including "estate taxes."

Enid T. Hays made her will on July 10, 1953, in which she designated Rachel Gansel Pipkin as executrix and Robert D. Hays as executor under provisions constituting them independent executors. Dr. Aaron Ross Hays, husband of the testatrix, was named residuary devisee under the will, but after Dr. Hays predeceased the testatrix, the residue of the estate passed by intestate, under the statutes of descent and distribution, to the only child of testatrix, Robert D. Hays, one of the executors.

The two executors were unable to agree on whether the federal estate taxes should be paid by the devisees in proportion to the property each took under the will or should be paid out of the residue of the estate. Hays insisted the federal estate tax should be borne proportionately by the several legatees, and Rachel Gansel Pipkin contended the estate taxes were payable from the residue only of the estate.

The testatrix made specific devises to six persons, including Rachel Gansel Pipkin, one of the executors, who brought this lawsuit, joined by one other legatee under the will. The clause in the will plaintiffs seek to have construed reads:

"It is my desire and I hereby direct that each of my devisees and legatees under this will shall pay his or her *proportionate part* of *any and all inheritance taxes,* the *amount to be paid by each* devisee and legatee to be *determined by the value of the property passing to each* devisee and legatee under this will." (Emphasis added)

The trial court held that the clear intention of the testatrix, as expressed in the will, was that each devisee and legatee would bear a proportionate part of all federal estate taxes levied against the estate and that each such person would pay the state inheritance tax levied on the particular property passing to the devisee.

Plaintiffs below have appealed and bring two points of error. We will overrule the points of error and affirm the judgment of the trial court.

■ In the absence of contrary directions in the will as to placement of the tax burden, estate taxes ascribable to testamentary assets may not be apportioned, and the tax burden "is determined by the rules of law applicable to debts and expenses of administration." Sinnott v. Gidney, 159 Tex. 366, 322 S.W.2d 507, 513 (1959), 74 A.L. R.2d 544; Thompson v. Thompson, 149 Tex. 632, 236 S.W.2d 779 (1951). With marked uniformity, the courts of this state and other jurisdictions distinguish estate taxes from inheritance taxes as stated in Bethea v. Sheppard, 143 S.W.2d 997, 1002 (Tex.Civ.App.Austin 1940, writ ref.) : " . . . the federal estate tax is imposed upon the right of grantor . . . to transfer property, and . . . the inherit-

ance or succession tax . . . is imposed upon the right to receive or succeed to the possession or enjoyment of property." See Cahn v. Calvert, 159 Tex. 385, 321 S.W.2d 869, 872 (1959).

If Enid T. Hays, the testatrix whose will is subject to construction in this lawsuit, had given no directions as to the tax burden, the federal estate tax would have been payable from funds other than the shares or interests passing to the named devisees, and each of the devisees would have received his or her interest burdened only with the inheritance tax imposed by the state. Sinnott v. Gidney, *supra*, 322 S.W. 2d 513; Simco v. Shirk, 146 Tex. 259, 206 S.W.2d 221 (1947).

■ To say that the testatrix succeeded in shifting the tax burden, so as to require the devisees to bear proportionately the federal estate taxes, the words used in the will must be found to express clearly the intent of the testatrix to shift the burden from her estate to the devisees in proportion to the shares or interests each of them took under the will. Norton v. Jones, 210 S.W.2d 820, 822 (Tex.Civ.App.Dallas 1948, writ ref.). A construction that gives effect to all the language of the will is preferred to an interpretation that treats part of the language as superfluous. Norton v. Jones, *supra*.

If the language in the will under examination is read to limit payment in "proportionate part" of succession taxes only, the entire provision is superfluous, being merely a direction that an existing tax rule be followed, and not a direction that the tax burden be shifted. But if the words "any and all inheritance taxes" are read to include any and all death taxes, not excluding federal estate taxes, the provision takes on meaning, for under such construction taxes not otherwise a burden of the individual beneficiaries are shifted to them in proportion to the interest each received under the will.

Another particular suggesting that the testatrix meant to relieve the residue of

her estate from the full burden of estate taxes is that by shifting the burden proportionately to all devisees she increased the gift to her husband, to whom she expressly devised the residue. This reasoning is not rendered less valid by the fact her husband died first and the residue passed instead to Robert D. Hays, who was the only offspring of the testatrix.

■ It is not uncommon for the term "inheritance taxes" to be used in its broadest sense as "death taxes" or "death duties" so as to include estate taxes, although by strict definition under court decisions an estate tax differs from succession or inheritance tax. See 37 A.L.R.2d 83, cases cited fn. 16; also, Russell v. Cogswell, 151 Kan. 14, 98 P.2d 179; Gratz v. Hamilton, Ky., 309 S.W.2d 181; Beals v. Magenis, 307 Mass. 547, 31 N.E.2d 20; Corbin v. Baldwin, 92 Conn. 99, 101 A. 834.

At the time the testatrix executed her will in 1953, Article 7144a, Vernon's Ann. Civ.Sts., levied "an *inheritance* and transfer tax" upon the *"net estate* of every decedent." (Acts 1933, 43rd Leg., p. 581, ch. 192, sec. 2b). The effect of the tax thereby imposed was to place a tax on the estate of decedent and, strictly speaking, the tax was not an inheritance tax. The same statute was carried forward in the revision in 1959 of the inheritance tax statutes under the heading, "Additional Inheritance Tax," although the tax was and is a tax on every decedent's estate. The present statute is Article 14.12, Title 122A, Taxation-General, under the 1965 revision, Acts 1965, 59th Leg., p. 830, ch. 402, sec. 7. (For discussion, see Edward W. Bailey, Texas Practice, Vol. 10, Texas Law of Wills, sec. 630).

■ For the words of the testatrix dealing with the tax burden to have meaning and permit that clause to remain an integral part of the will, her effort to place the tax burden must be construed as clearly expressing an intent to charge the shares and interests of the beneficiaries with the estate tax which otherwise would

be paid from the residue after partition. After construction by a court, the will should be left intact if that is judicially possible, and a construction that results in striking down a clause is to be avoided when it is possible to arrive at a construction giving effect to the clause. Lockett v. Wood, Tex.Civ.App., 84 S.W.2d 798, affirmed Peden Iron and Steel Co. v. Lockett, 131 Tex. 287, 115 S.W.2d 405 (1938); Norton v. Jones, *supra*.

The language of the testatrix was broad and comprehensive to take in "any and all inheritance taxes" not excluding federal estate taxes. We conclude that the testatrix intended, and by her words expressed the intent, to shift the burden of estate taxes from the residue of her estate to the several beneficiaries named in the will.

Appellants' points of error are overruled. The judgment of the trial court is in all things affirmed.

Affirmed.