

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 7, 1972

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. M-1093

Re: Whether Texas is entitled
to its proportionate share
of the Federal Credit for
State death taxes as set
out in Article 14.12, Title
122A, Tax.-Gen., V.C.S.,
when the decedent was a
non-resident of Texas and
the specific property
which is located in Texas
is exempt under Article
14.015, Title 122A?

Dear Sir:

Your letter addressed to the Attorney General is as follows:

"Ethel Burnsides died testate a resident
of the State of Illinois owning oil and
gas properties in Texas which were devised
equally to the University of Illinois
Foundation of Urbana, Illinois, exclusively
for the Burnsides Research Fund and to the
Burnsides Nursing Home of Marshall, Illinois.

"Under our basic inheritance tax law, this
educational and charitable bequest is
exempt. However, the entire estate of
the deceased wherever located is subject
to the Federal estate tax laws and pro-
duced a Federal credit for state death
tax.

"It is the view of this Department that
since the value of these oil and gas
properties in Texas was included in the
Federal estate tax return in order to

-5333-

produce a gross estate wherein a Federal
credit for state death taxes was allowed,
the State of Texas is entitled to its
proportionate share of such Federal
credit for state death taxes.

"Please advise this Department whether
or not we are correct."

We agree with your view and hold that the State of Texas
is entitled to its proportionate share of the Federal Credit
for state death taxes. The same reasoning and authorities
contained in Attorney General Opinion No. C-403 (1965) will
apply here. We hold that neither the nature of the exemption
from the basic inheritance tax nor the non-residency of the
testatrix will alter the rules of law set forth in our previous
opinion. Article 14.12, Title 122A, Tax.-Gen., V.C.S.;
Sinnott v. Gidney, 159 Tex. 366, 322 S.W.2d 507, 513, (1959)
and authorities therein cited; also see Simco v. Shirk, 146
Tex. 259, 206 S.W.2d 221 (1947).

## SUMMARY

The State of Texas is entitled to its
proportionate share of the federal
credit for state death taxes as set out
in Article 14.12, Title 122A, Tax.-Gen.,
V.C.S. even though the decedent was a
non-resident of Texas and the specific
property which is located in Texas is
exempt under Article 14.015, Title 122A,
Tax.-Gen., V.C.S.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Fisher A. Tyler
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Gordon Cass
Arthur Sandlin
Jack Sparks
James Hackney

SAMUEL D. MCDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant