Marie WARREN, Appellant,

v.

**Don SMITH, Independent Executor of the Estate of Johnnie Belle Cox, Deceased, Appellee.**

No. 20700.

Court of Civil Appeals of Texas, Dallas.

June 24, 1981.

Rehearing Denied Aug. 6, 1981.

Charles M. Wilson, III, Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas, for appellant.

Richard E. Roberts, Coke & Coke, Dallas, for appellee.

Before ROBERTSON, STOREY and STEPHENS, JJ.

STOREY, Justice.

This is a will construction case. The appeal is from a summary judgment granted the independent executor on the ground that, as a matter of law, the decedent's will required debts, taxes, and expenses of administration against the estate to be paid proportionally by the beneficiaries, rather than from the residuary estate. We have concluded that the provisions of the will exhibit no clear intent to burden the specific devise here at issue with charges against the estate. Consequently, we hold that this burden must fall on the residuary estate.

The parties to this appeal are Don Smith, the independent executor, who is a devisee of specific real property and also is the residuary beneficiary, and Marie Warren, a devisee of specific real property. Neither of these parties is related to the decedent. The record reveals that the gross estate is worth about $290,000, that the devise to Don Smith is valued at about $60,000, the devise to Marie Warren is valued at about $90,000 and the residuary estate, consisting entirely of personal property, is valued at about $90,000. The charges against the estate total $85,000 of which 31 percent or about $28,000 is sought to be charged to the real property devised to Marie Warren.

We agree with the parties, as did the trial court, that the will is unambiguous. Its pertinent provisions are:

FIRST: I direct that all my just debts and funeral expenses and all Federal and State estate and inheritance taxes imposed upon my estate or any beneficiary thereof, and all costs of administration, be paid in full out of my estate as soon after my death as is convenient. However, this direction is not obligatory on my Independent Executor, and said Independent Executor is specifically given the right to renew and extend, in any form that my Independent Executor may deem best, any debt or charge existing at the time of my death which seems, in said Executor's judgment, for the best interest of my estate, and similarly, my Independent Executor shall have the right and power to incur indebtedness and to borrow money for the purpose of paying any or all of the aforesaid debts, expenses and taxes.

SECOND: After the payment of all my just debts, dues and obligations, I give, devise and bequeath all of my estate, real, personal and mixed, of whatsoever kind and character of which I may die seized and possessed, wheresoever the same may be situated, as follows:

1. To Don Smith and Ann Smith, all my real estate, houses thereon, and contents therein located at Sulphur Springs, Texas, and Quitman, Texas.
2. To Marie Warren, my real estate located at 4529 Bobbitt, Dallas, Texas.
3. [Bequest of personalty.]
4. [Bequest of personalty in trust.]
5. [Bequest of personalty.]
6. All the rest and residue of my estate, real, personal and mixed, of whatsoever kind and character of which I may die seized and possessed, and wheresoever the same may be situated, I give, devise and bequeath to Don Smith and Ann Smith, in equal proportions, to share and share alike.

THIRD: [Appoints Don Smith as Independent Executor.]

As a general rule, the personal property of a decedent is the primary fund for the payment of debts and legacies unless the provisions of the will show an intent to the contrary. Further, when a decedent makes disposition of the residue of his estate, a presumption arises that he intend-

ed charges against the estate to be paid from the residue whether the residue be personal or real property. *Sinnott v. Gidney,* 159 Tex. 366, 322 S.W.2d 507 (1959). The executor contends that a contrary intent is shown here because paragraph Second, which contains the specific devises and bequests, commences with the language "after the payment of all my just debts, dues and obligations, I give, devise and bequeath . . . . " This language, the executor asserts, not only demonstrates an intent to burden the specific devises of real property, but also an intent to apportion charges against the estate among all the bequests and devises contained in the paragraph. We do not agree.

■ If we accept the executor's conclusion, we must ignore the otherwise clear intent reflected in paragraph First which directs that all charges "upon my estate or any beneficiary thereof" be paid out of the estate. In view of the presumption arising out of the decedent's use of the residuary clause, we construe "paid out of the estate" as meaning out of the residuary estate. We therefore interpret the language of paragraph First as a direction that beneficiaries of specific devises be relieved of any charges against the estate. We are further persuaded in this interpretation by the inclusion of inheritance taxes in this provision of paragraph First, because each beneficiary would normally be burdened with this tax in the absence of an express provision to the contrary. We therefore cannot ignore paragraph First as merely a precatory provision as contended by the executor.

■ We cannot accept the executor's interpretation of paragraph Second for the further reason that, in addition to specific devises and bequests, that paragraph also contains the residuary clause. As was stated in *Sinnott v. Gidney, supra* :

[T]he gift by a testator of the "residue" or "rest, residue and remainder" of his estate is usually very significant. These expressions and words of similar import are ordinarily used in a will to refer to the portion of the estate that is left after all debts and legal charges have been paid *and other testamentary gifts have been satisfied* and they have been given this construction by the courts on many occasions. *The presumption is that the testator used them in that sense unless a contrary intention clearly appears.* In the absence of testamentary provisions to the contrary, therefore, the residuary estate is to be applied in payment of debts and other charges before any of the property otherwise disposed of. [Emphasis added.]

Because paragraph Second contains the residuary clause as well as the specific devises, the mere arrangement of the paragraphs with respect to one another does not indicate a clear intent to burden the specific devises with charges against the estate. We conclude that the language of the supreme court which was the basis of its holding in *Sinnott* is dispositive of this case.

The executor relies on *Thornhill v. Elskes,* 381 S.W.2d 99 (Tex.Civ.App.—Waco 1964, writ ref'd n.r.e.) to support his position that paragraph Second of the will should be read to the contrary. We are persuaded that *Thornhill* is distinguishable from this case because of the provisions of paragraph First of this will, but insofar as its holding may conflict with our construction of paragraph Second of this will, or with the holding of the supreme court in *Sinnott* we decline to follow it. We note, in this connection, that the language in *Elskes,* which the court of civil appeals construed as a clear attempt to burden the specific devises, does not differ in any substantial respect from the language in *Sinnott* by which the supreme court reached an opposite result.

In view of our above holding it is not necessary for us to address appellant's points concerning the trial court's consideration of extrinsic or parol evidence or of its receiving testimony in connection with attorney's fees in a summary judgment hearing. The award of attorney's fees will be charged to the residuary estate, and therefore appellant cannot be heard to complain.

We note that appellant did not seek summary judgment in the trial court. We therefore reverse and remand. *See Hall*

*v. Mockingbird AMC/Jeep, Inc.,* 592 S.W.2d 913 (Tex.1979).

Reversed and remanded.