## J. E. SIMCO, TAX COLLECTOR, ET AL V. JOSEPH H. SHIRK, EXECUTOR.

No. A-1256. Decided November 19, 1947.
Rehearing overruled December 31, 1947.
(206 S. W., 2d Series, 221.)

*Price Daniel,* Attorney General, and *Jackson Littleton,* Assistant Attorney General, for petitioners.

*Stubbeman, McRae & Sealy* and *William B. Neely,* all of Midland, for respondent.

MR. JUSTICE SHARP delivered the opinion of the Court.

This suit was brought under Article 7057(b), Revised Civil Statutes, by Joseph H. Shirk, Executor of the Estate of Ellen Walker Shirk, deceased, against the Tax Collector of Upton County, the State Treasurer, the Comptroller, and the Attorney General, to recover inheritance taxes on the estate of Ellen

Walker Shirk, exacted by the State under the provisions of Article 7144a, Vernon's Annotated Civil Statutes. Trial was to the court without a jury upon an agreed statement of facts, and judgment was rendered against the plaintiff. An appeal was taken to the Court of Civil Appeals, and that court, Mr. Justice Hughes dissenting, reversed the judgment of the trial court and rendered judgment for the plaintiff. 200 S. W. (2d) 704.

This Court granted a writ of error in order to review the construction placed upon certain sections of Article 7144a. The proper construction of that statute, and particularly Sections 4, 5, and 8 thereof, is the sole question before this Court.

The controlling facts are as follows: Ellen Walker Shirk, a resident of the State of Illinois, died in 1941, leaving a net estate valued at $428,018.43, located in Illinois, Indiana, and Texas, the portion located in Texas being valued at $37,762.94. No tax was due the State of Texas on that portion located in Texas under the provisions of the State's regular inheritance tax laws. See Chapter V, Title 122, Articles 7117-7144, Vernon's Annotated Civil Statutes. Under the Federal Revenue Act of 1926, sec. 301(a, b), 26 U. S. C. A. Int. Rev. Code, secs. 810 and 813(b), the Federal Government levied a tax against said entire estate in the sum of $9,620.74. Under the Federal Act the taxpayer was allowed to deduct from that amount all taxes actually paid to any State, Territory, or the District of Columbia, the aggregate of such deductions not to exceed 80% of the total Federal tax. In the instant case that 80% amounted to $7,696.59. The taxpayer had already paid to the State of Illinois on said estate an inheritance taxes the sum of $7,506.35, and to the State of Indiana the sum of $129.43, aggregating State inheritance taxes so paid in the sum of $7,635.78. The State of Texas levied and collected $679.05. Plaintiff claims that the estate owes $60.81, and filed this suit for the difference between those two items.

Petitioners claim that the Court of Civil Appeals erred in holding that Section 8 of Article 7144a requires a deduction of inheritance taxes paid to other states from an assessment based on Sections 4 and 5 of that Article, so as to make the tax levied variable with the laws of other states. Sections 4, 5, and 8 of Article 7144a must be construed in connection with Subsection (b) of Section 813 of the United States Internal Revenue Code, which allows a credit, not to exceed 80%, against the Federal estate tax for inheritance or estate taxes paid to the States. The pertinent part of that subsection reads as follows:

"The tax imposed by Section 810 or 860 shall be credited with the amount of any estate, inheritance, legacy or succession taxes actually paid to any State or territory or the District of Columbia, or any possession of the United States, in respect of any property included in the gross estate (not including any such taxes paid with respect to the estate of a person other than the decedent.) The credit allowed by this subsection shall not exceed 80 percentum of the tax imposed by section 810 or 860 (before deducting from such tax the credits provided by section 813(a) (1) and (2)), and shall include only such taxes as were actually paid and credit therefore claimed within four years after the filing of the return required by section 821 or 864 * * *."

The above-quoted subsection was enacted by Congress originally in 1926, and was brought forward in the amendment of 1932, and a majority of the States passed laws to take advantage of the credit allowed, and for that purpose Article 7144a was enacted in Texas in 1933. The first three sections of this Article apply to estates where a "basic inheritance tax" is due the State under Articles 7117-7144. Sections 4 and 5 of Article 7144a impose an additional estate tax on estates which by reason of the exemptions contained in Articles 7117-7144 are not subject to the basic tax. Section 8 relates to the construction of the Act.. These sections read as follows:

"Sec. 4. Where no inheritance tax is imposed on an *estate, which is situated in this State*, under the laws of this State, by reason of its value not exceeding in value the amount of exemptions, and an *estate tax* is imposed on such estate by the Federal Government, then there shall be, and is hereby, levied, and shall be collected from such estate, an inheritance or transfer tax sufficient in amount to equal eighty (80%) per cent of said tax imposed by the Federal Government under the Revenue Act of 1926, *on that portion of said estate which is situated in the State of Texas*. In computing and determining the rate of the tax in such cases named in this Section, the State Comptroller, or other officers, whose duty it is to calculate and determine the amount of inheritance taxes, *shall compute the same upon the net valuations of said estate as determined and used by the United States in computing the amount of the Federal Government tax due upon said estate, and said tax shall be paid from the whole of such estate before partition and distribution* among the joint or several owners of same, and the said tax shall be due and payable, and shall be subject to the same interest and penalties for nonpayment, as are other inheritance taxes under the provisions of the inheritance tax laws of the State." (Emphasis ours.)

"Sec. 5. In determining what is eighty (80%) per cent of the United States tax mentioned in the preceding sections, the same shall be computed as eighty (80%) per cent of such taxes actually assessed and determined by the Federal Government under the Revenue Act of 1926, *against every estate situated wholly in this State, or in case an estate is situated partly in this State and partly outside of this State,* then such (80%) per cent shall be computed as *eighty (80%) per cent of the total amount of Federal taxes finally determined and assessed by the Federal Government under the Revenue Act of 1926 on and against that part of the estate situated in the State of Texas,* and said amount of Federal Tax shall be determined by multiplying the total Federal estate tax on the entire estate by a percentage which shall be the same percentage as the percentage of the net estate located in Texas is to the total net estate of the decedent, wherever located, before duducting specific exemptions. In every case, it shall be the duty of the executor, administrator, or other officer, whose duty it is under the law to file reports of property with the County Court for inheritance tax purposes, to file with the County Court which has jurisdiction of such estate, and with the Comptroller of Public Accounts at Austin, a report showing the values placed on such estate and the amount of the estate tax assessed against the same by the Federal Government; and in case the Federal Government adds to or increases the net or taxable value of any estate and levies an additional tax in accordance therewith, after having already determined and assessed a tax against said estate, then such officer shall report, as aforesaid, the amount of said increased value and the amount of the added tax levied by reason thereof, *this requirement applying only to an estate, or to the portion of an estate, which is situated in the State of Texas; and upon such report the additional taxes due this State shall be calculated and determined.*" (Emphasis ours.)

"Sec. 8. Section 1 to 7, inclusive, of this Chapter shall always be construed so as not to increase the total amount of taxes payable to the State and the Federal Government combined upon the estates of decedents, the only purpose of said additional tax being to take full advantage of the eighty (80%) per cent credit allowed by the Federal Revenue Act of 1926, to those who have paid any estate, inheritance, legacy, or succession tax to any State or territory or to the District of Columbia, in respect to any property included in the decendent's gross estate."

The Federal Law of 1926 allowed the different States the right to levy, not to exceed 80 per cent. of the tax imposed by Section 810 or 860, after deducting from such tax the credits

provided by Section 813(a) (2). Article 7144a was passed in 1933 by the Legislature to take advantage of the 80 per cent. relinquished by the Federal Government. The Federal Statute does not provide for allocating the 80 per cent. credit among the various States, when the estate is not all located in any one of them. Nor does the Federal Act indicate that any State is to be given a preference over some other State. Nor does the law authorize the taxpayer to prefer one State over another.

Article 7144a provides that if the estate be situated partly in Texas and partly outside of Texas, then the portion of the 80 per cent. credit to which Texas is entitled should be computed on the basis of the total amount of Federal taxes finally determined and assessed, in portion to the value of that part of the estate situated in Texas, as compared with that portion of the value of the estate situated outside of Texas. There is nothing in the Federal law or in Article 7144a that would indicate that one State would not be entitled to tax the property situated in that State, and would be deprived of the right to assess and collect its share of the taxes based upon the value of the property situated in such State.

Under the terms of Article 7144a the taxpayer knew, or should have known, that there would be an inheritance tax due the State, in proportion to the amount of the estate situated in Texas. The case of State v. Wiess, Independent Executor, 141 Texas 303, 171 S. W. (2d) 848, 147 A. L. R. 460, involved the construction of parts of Articles 7144a, in connection with the Federal statute. This Court upheld the validity of the statute involved, and held that the taxpayer and the Federal Government could not deprive the State of Texas of the additional inheritance tax allowed under Article 7144a by compromising the amount of taxes due the Federal Government. Applying the rule announced in that case, it follows that the taxpayer could not defeat the claim of Texas by paying certain sums to the State of Illinois and Indiana.

The trial court correctly construed the Federal Act and Article 7144a, and entered the proper judgment. The Court of Civil Appeals erred in its construction of the statute and in reversing the judgment of the trial court and rendering judgment for petitioners in that court, who are the respondents here. Therefore the judgment of the Court of Civil Appeals is reversed, and that of the trial court is affirmed.

Opinion delivered November 19, 1947.

Rehearing overruled December 31, 1947.