**STRAUSS v. CALVERT, Comptroller of Public Accounts et al.**

No. 9999.

Court of Civil Appeals of Texas. Austin.

Feb. 6, 1952.

Rehearing Denied Feb. 27, 1952.

Douglas W. McGregor, Houston (McGregor & Sewell, Houston, of counsel), for appellant.

Price Daniel, Atty. Gen., W. V. Geppert, Asst. Atty. Gen., for appellees.

ARCHER, Chief Justice.

Max Taub died intestate June 10, 1945, leaving as his estate community property of himself and his wife Leah Samuels Taub. After the death of Max Taub, in accordance with the provisions of Chapter 5 and Chapter 5(a) of Title 122 of Vernon's Annotated Civil Statutes of Texas, art. 7117 et seq., tax in the amount of Eighteen Thousand Six Hundred Thirty-Three and 27/100 ($18,633.27) Dollars was paid to the Treasurer of the State of Texas through the Comptroller of Public Accounts.

Leah Samuels Taub, wife of Max Taub, mother of Rosa Taub Strauss died testate on July 2, 1945, leaving an estate consisting of property which had constituted her one-half of the community property of herself and her husband, Max Taub.

On the death of Mr. Taub an estate tax was paid to the Federal Government which was computed upon the value of the entire community estate and the State of Texas has received credit for 80% of the amount of such estate imposed by the 1926 Federal Estate Tax Act. Sec. 813, Title 26, U.S.C.A.

The appeal is before this Court on three assignments of error, the first is that the protest is properly filed, and second, the deductions specified by Article 7125 are recoverable by a taxpayer under Article 7057b regardless of what the executor may have done or failed to do, finally the tax which was paid under protest is unlawful and unauthorized because of the fact that the property which Leah S. Taub left to appellant had been received by Leah S. Taub from her husband, Max Taub, within five years prior to the death of Leah S. Taub and an inheritance tax had been paid to the State.

The plaintiff's claim for the recovery of the sum of $7,718.15, the tax paid under protest, is because of the fact that the property which Leah Samuels Taub left to the plaintiff had been received by Leah Samuels Taub from her husband, Max Taub, within five years prior to the death of Leah Samuels Taub, and that there actually had been paid an inheritance tax on said property, and that the tax paid under protest is unlawful and unauthorized.

The appellant says that the question here, then, to decide is whether or not Rosa Taub Strauss, who succeeded to certain properties of Leah Samuels Taub is entitled to the deduction provided for in Article 7125, by virtue of Leah Samuels Taub having received property forming a part of the gross estate from any person who dies within five years prior to the death of the decedent, the same to be on the same property in the amount of the value of the same property upon which an inheritance tax was actually paid, and whether or not the property on which the tax was paid was for tax purposes received by Leah Samuels Taub.

The determination of the sufficiency of appellant's written protest to comply with the provisions of Article 7057b, V.A.C.S., in that it did not set out fully and in detail any ground or reason subsequently relied on by appellant for recovery of the tax, in view of our decision hereinafter made, is unnecessary.

By her third assignment appellant says the tax paid under protest is unlawful and unauthorized, because the property left to appellant had been received by Mrs. Taub from Max Taub within five years prior to the death of Mrs. Taub and an inheritance tax had been paid. The appellee

by counterpoint says "that Article 7144a, Chapter 5A, Title 122, V.A.C.S., levies an estate tax, not an inheritance tax."

Section 1 of Article 7144a, reads: "In addition to the inheritance tax already levied by this State under existing laws, an inheritance and transfer tax is hereby levied upon the net estate of every decedent dying after this Act shall take effect, and whose estate, or any portion thereof, is, or hereafter shall be, made taxable under the inheritance tax laws of this State, or that may be subject to such taxes under any law of this State that may be hereafter enacted. Said tax shall be, and is, levied upon the entire net value of the taxable estate of the decedent situated and taxable in the State of Texas, and the tax on each such estate shall be equal to the difference between the sum of such taxes due this State as inheritance or transfer taxes and eighty (80) per cent of the total sum of the estate and transfer taxes imposed on such estate by the United States Government under the Revenue Act of 1926, by reason of the property of such estate which is situated in this State and taxable under the laws of this State."

Section 2 of said Article, reads: "The additional tax aforesaid shall be a lien upon the entire estate of the deceased and collectable out of said entire estate, or any part thereof, regardless of exemptions and deductions; and, in event two (2) or more persons succeed to or become the owners of taxable interests in such estate, and in event inheritance or transfer taxes are assessed under the law against portions thereof or interests therein severally, then said additional tax levied and collected under this Act shall be apportioned between or among such part owners in proportion to the amount of the tax assessed against each share or interest in said estate."

It is seen that Section 1 levies a tax— "upon the net estate" etc., and the tax is levied upon "the entire net value", etc., and the tax "on each such estate" shall be, etc.—

■ The tax is levied on the entire net value of the taxable estate situated and taxable within the State, such tax is therefore an estate tax. Simco v. Shirk, 146

Tex. 259, 206 S.W.2d 221. See Brown v. State, 323 Mo. 138, 19 S.W.2d 12; Stebbins v. Riley, 268 U.S. 137, 45 S.Ct. 424, 69 L.Ed. 884.

The appellee has a fourth counterpoint to the effect that since the decedent, Mrs. Taub, did not receive her one-half of the community estate from her husband, Max Taub, at the time of his death, and since no State inheritance tax was levied against her share of such estate, Article 7125 does not authorize a deduction of the value of this property in computing the inheritance taxes due at Mrs. Taub's death.

The Comptroller's Department has consistently construed Article 7125 to allow the deduction for previously taxed property only if such property had been received from a prior decedent. The department had construed the deduction allowed by Article 7125 for previously taxed property as inapplicable to a surviving spouse's share of the community estate on the death of such surviving spouse, even though the entire community estate had been included in computing the Federal estate taxes due at the death of the spouse first to die.

Attorney General's opinion V-402, addressed to the Comptroller, held that the inclusion of the entire community estate in determining the amount of Federal estate tax due at the death of a husband did not prevent the State from imposing an inheritance tax on the right to succession to the wife's one-half community interest, even though the wife died less than five years after the death of her husband.

We believe that the opinion of the Attorney General and the departmental construction by the Comptroller's Department is entitled to and should be given consideration and deference. Walker v. Mann, Tex. Civ.App., 143 S.W.2d 152 (error ref.).

■ Mrs. Taub owned one-half of the community estate and as such owner did not receive anything from her husband other than a more complete control of her property, and consequently had not received it from a decedent within five years prior to her death, and no inheritance tax was assessed by or paid to the State within the last five years under the provisions of Chapter

290

5 by reason of the transfer or receipt of any part of the property which constituted Mrs. Taub's estate at her death. Jones v. State, Tex.Com.App., 5 S.W.2d 973; State v. Wiess, 141 Tex. 303, 171 S.W.2d 848, 147 A.L.R. 460.

We have given careful consideration to all points presented in the exhaustive briefs filed herein and to the authorities therein cited, as well as to the arguments contained in the briefs.

The judgment of the trial court is affirmed.

Affirmed.