

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

March 12, 1965

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. (C-403)

Re: Whether, under submitted
facts, the corpus of two
trusts are subject to
Inheritance Taxes under
Chapters 14 and 15,
Volume 20A, Vernon's
Civil Statutes.

Dear Mr. Calvert:

In connection with your request for an opinion of this
office on the above captioned matter, we have been advised
of the following facts.

William C. Springer, a resident of Pinehurst, Montgomery
County, Texas, died on July 3, 1964, at which time he was less
than three years of age. The decedent was a beneficiary of two
trusts, the "William C. Springer 1962 Trust" and the "William
C. Springer 1963 Trust". These Trusts were created by the
decedent's great-grandmother. The terms of the two Trusts are
identical. The corpus of the 1962 Trust had a value of approx-
imately $88,000.00 at the date of the decendent's death, and
the corpus of the 1963 Trust was worth approximately $102,500.00
on that date. The pertinent portions of Paragraphs Two of both
Trust Agreements are the following:

> "If the beneficiary dies before attain-
> ing twenty-one (21) years of age, upon
> the beneficiary's death, such Trust
> shall terminate and such Trust Estate
> shall be distributed to such one or
> more persons and corporations in such
> shares, manner, and proportions as
> the beneficiary may appoint by will.
> Any portion of such Trust Estate not
> effectively appointed shall be dis-
> tributed upon the beneficiary's death
> to the issue of the beneficiary, but
> if none of the beneficiary's issue is
> then living, to the issue of the parent
> of the beneficiary, which parent was
> one of Trustor's issue. . . ."

Both Paragraphs Four of the Trust Agreements provide that if any portion of the Trust Estates which, in default of appointment upon the termination of the Trusts, would be distributed to a person who has not attained twenty-one years of age, such portion would be retained by the Trustee, in trust, as a Trust Estate of a separate and distinct Trust for such person until such person attains the age of twenty-one years at which time the Trust shall terminate and distribution of the corpus shall be made to the person entitled thereto.

The decedent having died intestate and without issue, proportionate distributions have been made to Trusts for the decedent's brothers and sister. The attorneys for the estate have submitted a Brief in support of their position that no death taxes have accrued under either Chapter 14 or Chapter 15 of Title 122A, Taxation-General, Vernon's Civil Statutes. We agree that no inheritance taxes accrued under the provisions of Article 14.01 which enumerates the transfers which are subject to State inheritance taxes. As pointed out in Calvert v. Fort Worth National Bank, 163 Tex. 405, 356 S.W.2d 918, 921 (1962):

> "When the Legislature intended to
> tax the succession to property
> other than that owned by the decedent
> at the time of his death, such inten-
> tion is plainly and unequivocably
> stated."

Property not owned by the decedent but subject, upon passing, to tax includes: (1) property passing under a general power of appointment exercised by the decedent by will; (2) certain life insurance proceeds; (3) transfers made or intended to take effect in possession or enjoyment after the death of the grantor or donor and (4) transfers in contemplation of death. In the instant case, the corpus of the Trusts did not pass by any of the enumerated taxable transfers. Therefore no inheritance taxes are due under the provisions of Chapter 14.

We pass now to a consideration of whether any death taxes are due the State under the provisions of Chapter 15. The attorneys for the estate have advised us that a Federal Estate Tax will be due upon the decedent's estate; but they take the the position that inasmuch as no inheritance taxes have accrued under the provisions of Chapter 14, no tax is due under the provisions of Chapter 15. In support of this position, they rely upon Article 15.01 and Article 15.04.

Article 15.01 reads, in part, as follows:

". . . an inheritance and transfer
tax is hereby levied upon the net
Estate of every decedent. . . whose
Estate, or any portion thereof. . .
is made taxable under the Inheritance
Tax Laws of this State."

Article 15.04 reads as follows:

"Where no inheritance tax is imposed
on an estate, which is situated in
this State, under the laws of this
State, by reason of its value not
exceeding in value the amount of
exemptions, and an estate tax is
imposed on such estate by the
Federal Government, then there shall
be, and is hereby levied and shall
be collected from such estate, an
inheritance or transfer tax sufficient
in amount to equal eighty per cent
(80%) of said tax imposed by the
Federal Government under the Revenue
Act of 1926, on that portion of said
estate which is situated in the State
of Texas.

"In computing and determining the
rate of the tax in such cases named
in this Article, the State Comptroller,
or other officers, whose duty it is to
calculate and determine the amount of
inheritance taxes shall compute the
same upon the net valuations of said
estate as determined and used by the
United States in computing the amount
of the Federal Government tax due upon
said estate, and said tax shall be paid
from the whole of such estate before
partition and distribution among the
joint or several owners of same, and
said tax shall be due and payable and
shall be subject to the same interest
and penalties for nonpayment, as are
other inheritance taxes under the pro-
visions of the inheritance tax laws of
the State." (Emphasis supplied throughout)

It is true that Chapter 15 is entitled "Additional Inheritance Tax" and that some of the language used in Chapter 15 with reference to "inheritance" taxes is misleading in the sense that Chapter 15 is an estate tax rather than an inheritance tax. Simco v. Shirk, 144 Tex. 259, 206 S.W.2d 221 (1947); Sinnott v. Gidney, 159 Tex. 366, 322 S.W.2d 507 (1959). Articles 15.01 and 15.04 are not entirely inaccurate, however, as they refer to a "transfer" tax which is the essence of an estate tax. It's subject matter is "the exercise of the legal power of transmission of property. . .". Stebbins v. Riley, 286 U.S. 137, 141 (1925). Whereas an inheritance tax is levied upon "the right to receive as distinguished from the right of transfer. . .". Bethea v. Sheppard, 143 S.W.2d 997 (Tex. Civ. App. 1940, error ref.)

A brief examination of the history that led to the enactment of Chapter 15 conclusively establishes the nature of the tax. For a good many years there had been considerable opposition to the Federal Government's invasion of the death tax field. Both the Federal Inheritance Tax and the 1916 Estate Tax Act had been attacked unsuccessfully as an invasion of the power of the States to regulate the transmission of property at death. Knowlton v. Moore, 178 U.S. 41 (1900), New York Trust Co. v. Eisner, 256 U.S. 345 (1941). In 1924 Congress enacted the first so-called "credit" provision. Rev. Act. of 1924, Sec. 301(b). By the terms of this provision, the taxpayer was allowed "credit" for State taxes paid on transfers of property which were within the scope of the Federal law. The 25% allowable credit under this Act was increased to 80% by the Revenue Act of 1926, Sec. 301(b). This amount of allowable credit has not been increased by subsequent revisions of the Federal Estate Tax and is still referred to as a credit against the basic Federal tax.

The wording of the "credit" provision in the Federal Act requires that the estate, inheritance, legacy or succession taxes must have been actually paid to the State before the taxpayer may deduct such amount from the total Federal tax. Whenever the full amount of the allowable 80% is not taken up by State taxes, the taxpayer's "credit" is reduced accordingly with the result, in theory, at least, that he pays the same amount regardless of the eventual disposition of that amount between the State and the Federal Government.

After the enactment of the credit provision, most States passed laws designed to take advantage of the provision. The Texas Statute, presently embodied in Chapter 15, was first enacted in 1933. Acts 1933, 43rd Leg., p. 581, Ch. 192, Sec. 2b. Article 15.01 specifically provides for the levying of the tax in the following terms:

> "Said tax shall be, and is, levied
> upon the entire net value of the
> taxable estate of the decedent
> situated and taxable in the State
> of Texas, and the tax on each such
> estate shall be equal to the
> difference between the sum of such
> taxes due this State as inheritance
> or transfer taxes and eighty per cent
> (80%) of the total sum of the estate
> and transfer taxes imposed on such
> estate by the United States Govern-
> ment under the Revenue Act of 1926,
> by reason of the property of such
> estate which is situated in this
> State and taxable under the laws
> of this State."

Thus, the amount of the tax is a fixed percentage of an amount which is determined by the basic Federal Tax; and the provisions of the Federal law, not the provisions of the Texas law, determine every step to be taken in computing the total tax figure.

In State v. Wiess, 141 Tex. 303, 171 S.W 2d 848 (1943), the court held that the terms "net estate" and "gross estate" as used in Article 7144a (presently Article 15.01) must be given the same meaning as they are given in the Federal Act. At page 851 of the opinion, the Court said:

> ". . .Since it is evident on the
> face of our statute that it is
> intended to take full advantage
> of the Federal Revenue Act of
> 1926, and is intended to tax all
> property in this State covered
> by such Federal Revenue Act, we
> must look to the Federal Revenue
> Act to ascertain the meaning of
> the term 'net estate' as used in
> our act. . . ."

In Sinnott v. Gidney, supra, the court was concerned with the construction of a will for the purpose of determining, among other things, whether the burden of payment of estate taxes fell on the residuary devise. In that case, the estate situated in Texas did not exceed the exemptions allowed by law and no basic inheritance tax was payable. The tax assessed had been assessed and paid under the provisions of Article 7144a, Vernon's Civil Statutes, presently carried in Chapter 15.

In the course of its determination of the questions under consideration, the court made the following statement with regard to Section 4 of Article 7144a, which is now Article 15.04, the very Article upon which the taxpayer's attorney relies:

> ". . .<u>Section 4 deals with the situation in which there is no basic inheritance tax liability</u>. Unlike Section 2, it contains no apportionment provision and simply requires that the tax be paid out of the whole of the estate before partition and distribution. The tax imposed by the latter section is an additional estate tax. As between the beneficiaries of the estate, it is payable out of the same funds or property as the federal estate tax unless the will provides otherwise. See Simco v. Shirk, 146 Tex. 259, 206 S.W.2d 221." (at p. 513).

The underscored portion of the above statements specifically recognizes that a tax is imposed even where there is no basic tax liability and is not limited to cases in which there is no liability by reason of exemptions.

Likewise, in <u>Simco v. Shirk</u>, supra, no basic inheritance taxes had accrued, however an additional tax had been levied under the provisions of Article 7144a. The specific question before the court was whether the full amount of the tax was due in view of the fact that the taxes already paid to other States, coupled with the amount of the tax levied under Article 7144a would exceed the total allowable 80% credit. In upholding the tax, the court said, at page 223, that Article 7144a was passed by the Legislature "to take advantage of the 80 per cent relinquished by the Federal Government."

In <u>Strauss v. Calvert</u>, 246 S.W.2d 287 (Tex.Civ.App. 1952, error ref., n.r.e.), the court was concerned with the following facts. At the death of a husband, a tax in the amount of $18,633.27 was levied under the provision of Chapter 5A of Title 122, V.C.S., presently Chapter 15. At that time, the Federal Government levied the estate tax against the entire community estate. The State of Texas had received credit for 80% of the amount of the tax imposed on the entire community estate under the provisions of the 1926 Federal Estate Tax Act. Section 813, Title 26, U.S.C.A.

At the death of the wife, who died less than a month after the husband, a deduction was claimed for the tax previously paid at the death of the husband. Article 7125, 20 V.C.S., lists among permissible deductions the following:

> ". . .an amount equal to the value
> of any property forming a part of
> the gross estate situated in the
> United States received from any
> person who dies within five (5)
> years prior to the death of the
> decedent, this deduction, however,
> to be only in the amount of the
> value of the property upon which
> an inheritance tax was actually
> paid and shall not include any legal
> exemptions claimed by and allowed
> the heirs or legatees of the estate
> of the prior decedent."

The court refused to allow the deduction for the reason that the wife's community interest had not been received from the husband at his death and for the further reason that no inheritance tax had been paid to the State on the receipt of such interest within the last five years under the provisions of Chapter 5.

While the Strauss case is not precisely in point since no protest was made at the husband's death as to the tax levied under Chapter 5A, nevertheless the case shows an instance in which the tax was levied not "by reason of . . . the estate's value not exceeding in value the amount of exemptions. . ." but solely because the allowable 80% credit based on the net estate as determined by the Federal Government exceeded any taxes due under Chapter 5. Moreover the Comptroller has advised us that he has never made the above quoted excerpt from Article 15.04 the criterion of tax liability under Chapter 15. It is, of course, well settled that the consistent departmental construction of a statute by the official charged with the administration thereof is entitled to great weight and will not be departed from unless clearly wrong. 53 Tex. Jur.2d 259-264, Sec. 177.

It is admitted that a Federal Estate Tax will be due upon the decedent's estate. This being true, the allowable 80% credit will necessarily accrue regardless of the fact that no inheritance tax accrued under the provisions of Chapter 14. Only thus can the State take full advantage of the Federal Revenue Act of 1926 and comply with the directives and general purpose of Chapter 15. The taxpayer will pay no more because

if he does not pay the State the tax in question, he will be required to pay the same amount to the Federal Government.

S U M M A R Y

The additional estate tax levied under the provisions of Chapter 15, Title 122A, Tax-Gen., V.C.S., accrues even though no inheritance taxes have accrued under the provisions of Chapter 14, Title 122A, Tax-Gen., V.C.S.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: Marietta McGregor Payne
Marietta McGregor Payne
Assistant

MMcGP:dl

APPROVED BY OPINION COMMITTEE

W. V. Geppert, Chairman
J. Arthur Sandlin
John Reeves
W. O. Shultz

APPROVED FOR THE ATTORNEY GENERAL
BY:      Stanton Stone