406 P.2d 527 (1965)
In the Matter of the Appeal to the District Court of Laramie County, Wyoming, from the Findings and Order of the State Board of Equalization for the State of Wyoming in the Matter of the Petition of the Executors of the Estate of Stanley B. Resor, Deceased, for a Hearing Pursuant to Section 39-361, Wyoming Statutes, 1957, with Respect to the Propriety of Inheritance Tax Assessment Made by the Inheritance Tax Commissioner, Case No. 342.
Richard J. LUMAN, Walter W. Hudson, Albert P. Bruch, Zan Lewis, and Francis Hillard, Constituting the State Board of Equalization of the State of Wyoming, Appellants (Appellees below),
v.
Stanley Rogers RESOR and United States Trust Company of New York, Executors of the Estate of Stanley B. Resor, Deceased, Appellees (Appellants below).
Stanley Rogers RESOR and United States Trust Company of New York, Executors of the Estate of Stanley B. Resor, Deceased, Appellants (Appellants below),
v.
Richard J. LUMAN, Walter W. Hudson, Albert P. Bruch, Zan Lewis, and Francis Hillard, Constituting the State Board of Equalization of the State of Wyoming, Appellees (Appellees below).
Nos. 3408, 3409.
Supreme Court of Wyoming.
October 15, 1965.
John F. Raper, Atty. Gen., A. Fred Miller, Special Asst. Atty. Gen., Cheyenne, for Richard J. Luman and others.
Frederick G. Loomis, of Loomis, Lazear, Wilson & Pickett, Cheyenne, for Stanley Rogers Resor and another.
Before PARKER, C.J., and HARNSBERGER and McINTYRE, JJ.
Mr. Chief Justice PARKER delivered the opinion of the court.
This is a double appeal from the district court's judgment vacating an order of the *528 State Board of Equalization, which had approved the Inheritance Tax Commissioner's assessment under § 39-337 (dealing with the general rates of inheritance taxes) and §§ 39-338 to 39-341, W.S. 1957 (levying an additional State tax in all cases "where the full Federal Tax credit is not otherwise collectible").
The facts are undisputed that Stanley B. Resor died October 29, 1962, a resident of, and domiciled in, Connecticut. The total value of his estate was $3,995,300.05, of which $3,500,900.05 was in Connecticut and $494,400.00 in Wyoming (the net taxable estate in Wyoming being $483,680.04). The total succession taxes paid in Connecticut were $231,373.84. If the Wyoming inheritance tax had been computed solely under the provisions of § 39-337, it would have amounted to $9,073.60, less 5 percent discount, or $8,619.92.
Sections 39-338 to 39-341 (enacted by c. 112, S.L. of Wyoming, 1951), referred to by the board and herein as "additional tax statutes," read:
§ 39-338. "The purpose and policy of this act [§§ 39-338 to 39-341] are to take full advantage for this state of the credit which is allowable as a deduction from federal taxes on estates of decedents, for state taxes upon property or transfer thereof by reason of death, without increasing the aggregate of federal and state death, transfer or succession taxes upon any estate."
§ 39-339. "In all cases where the total inheritance tax upon any estate which would be due and payable under the provisions of * * * [§ 39-337], would not equal the full amount of the credit for state inheritance taxes allowable against federal estate taxes under the laws of the United States, there is hereby levied an additional tax equal to the difference between the state tax which would be due under said section and the amount of credit available under the federal estate tax laws."
§ 39-340. "Said additional tax shall be due and payable to and collected by the inheritance tax commissioner at the same time and in the same manner, in all respects, as are inheritance taxes under the provisions of * * * [§§ 39-336, 39-337, 39-342 to 39-369], except that no discount which would reduce the total state tax below the amount of the available federal credit shall be allowed."
§ 39-341. "The total federal and state inheritance and estate taxes upon any estate, shall not be increased under this act [§§ 39-338 to 39-341] above the total amount which would be due without reference hereto."
Applying these sections, the Inheritance Tax Commissioner in the instant situation computed Wyoming's tax share on the formula:
 Value of gross estate in Wyoming
 _________________________________ × Federal credit = Wyoming's share of
 Total value of gross estate Federal credit
and thus arrived at $22,085.60, which amount was paid by the estate under protest. (The formula was altered by the board so as to substitute "taxable estate" for "gross estate." However, the board erroneously observed that this alteration made no change in the amount of the Inheritance Tax Commissioner's assessment.)
After a hearing, the board entered an order approving and confirming the assessment of the commissioner. Appeal was taken to the district court, which found that under the additional tax statutes Wyoming's proper tax against the estate should be equal to the difference between that levied under § 39-337 ($9,073.60) and the amount of *529 credit available under Federal estate tax laws, such credit to be computed in the following manner: "The Board should determine that portion of the taxable estate for Federal Estate Tax purposes which is located in Wyoming, which is $483,680.04 for the Estate of Stanley B. Resor, deceased, and then compute the federal credit for state death taxes based upon the portion of the taxable estate located in Wyoming, which credit amounts to $11,742.20." Accordingly, the court vacated the board's order and directed that the estate be assessed in the amount of $11,742.20 and that $10,343.50 be refunded.
Both litigants have appealed, the board from the holding as to the formula and the estate from the levying of any tax under §§ 39-338 to 39-341 since the total of the inheritance and succession taxes paid to the states of Wyoming and Connecticut without reference to Wyoming's additional tax statutes exceeds the maximum credit allowed by § 2011, 26 U.S.C.A., for state death taxes.
We consider first the executors' appeal, No. 3409, in which it is argued that the judgment is erroneous because it increases the aggregate of Federal and state taxes imposed. Emphasis is placed by appellant upon that portion of the title of the Act which provided for an additional State inheritance tax "in all cases where the full Federal Tax credit is not otherwise collectible"; the last phrase of § 39-338, "without increasing the aggregate of federal and state death, transfer or succession taxes upon any estate," and § 39-341, "The total federal and state inheritance and estate taxes upon any estate, shall not be increased under this act * * * above the total amount which would be due without reference hereto." No case is cited except Kelsey v. Taft, 72 Wyo. 210, 263 P.2d 135, for the unchallenged principle that a tax measure will not be effected by any means other than a clear, definite, and unambiguous statement of the legislative authority. The argument hinges then upon the unsupported statement that the Wyoming legislature in specifically mentioning the death, transfer, succession, inheritance, and estate taxes in §§ 39-338 and 39-341 emphasized that it was referring to "all state death taxes, by whatever state imposed," and not referring to State death taxes imposed by Wyoming. On the other hand, the board urges that the word "state" refers to Wyoming only. In so doing, it places reliance upon Simco v. Shirk, 146 Tex. 259, 206 S.W.2d 221, which cites State v. Wiess, 141 Tex. 303, 171 S.W.2d 848, 147 A.L.R. 460; but, as the executors observe, that case is not parallel to our situation since the Texas statute specifically provided for circumstances wherein an estate was situated partly within Texas and partly outside.[1] However, the trial court's decision was, unmistakably, that it considered "state" in these additional tax statutes synonymous with "Wyoming," and we find nothing in the executors' brief or argument which is sufficient to overturn that logical holding. Since appellants have failed to carry their burden, it is unnecessary to consider the pertinency of other authorities submitted by the board in resistance to the appeal in No. 3409.
We turn then to No. 3408, where it is argued that the court erred in departing from the suggested formula. The board asserts that the computation was correct and in accord with the Act and calls attention to the principle announced in International Harvester Co. of America v. Jackson Lumber *530 Co., 25 Wyo. 367, 170 P. 6, that if the language employed in a statute is plain and unambiguous there is no room for construction. We cannot agree that the language is so plain and unambiguous as to be within the mentioned rule. Accordingly, we see no application of the cited case, Bunten v. Rock Springs Grazing Ass'n, 29 Wyo. 461, 215 P. 244, 248:
"* * * The judicial department has jurisdiction over acts that are illegally done, but to extend its power over acts done in good faith, pursuant to the exercise of an honest judgment, and within the jurisdiction of the person or persons performing them, would be, in the absence of legislative authorization, judicial usurpation inconsistent with the fundamental constitutional principle of division of power. * *"
The board argues that, since the additional tax law specifies no formula to be used, the long-standing interpretation by the commissioner should be assigned great weight. It is true that in United States v. State of Wyoming, 331 U.S. 440, 67 S.Ct. 1319, 91 L.Ed. 1590, it was held that the correctness of an administrative construction of a statute was indicated when the Congress, having been fully advised of such construction, re-enacted the statute, and that this court said in Equitable Life Assur. Soc. of the United States v. Thulemeyer, 49 Wyo. 63, 52 P.2d 1223, 54 P.2d 896, that the contemporaneous construction placed upon a statute by the executive authority should be accorded some weight. We doubt, however, the applicability of these principles to the instant situation since there is no showing that this matter has ever been before the courts previously or that the legislature knew of the commissioner's ruling, and, as noted in the Thulemeyer case, generally a revenue law will, if ambiguous, be construed in favor of the taxpayer.
As has already been noted in the discussion of Case 3409, when the tax statutes are considered in pari materia, § 39-341 must be interpreted as dealing only with the Wyoming estate. Counsel for the executors point out that at the time of the enactment of the statutes here in issue (§§ 39-338 to 39-341) the general inheritance tax statutes (§§ 39-336, 39-337, 39-342 to 39-369) imposed a tax upon an estate of a person who was a nonresident based solely upon the value of the Wyoming ancillary estate, and note that:
"It is a fundamental principle of statutory construction that to ascertain the meaning of a given law all statutes relating to the same subject or having the same general purpose shall be read in connection with it as constituting one law. They must be construed in harmony, else the law of the State would consist of disjointed and unharmonious parts with a conflicting and confusing result. * * *" Stringer v. Board of County Commissioners of Big Horn County, Wyo., 347 P.2d 197, 200.
We must agree with the executors' counsel that an analysis of the statutes logically leads to the trial court's decision that in the instant case the legislature intended to do no more than have only that portion of a taxable estate located in Wyoming considered in determining the Federal credit.
The board quotes from Simco v. Shirk, supra, 206 S.W.2d at 223-224:
"* * * The Federal Statute does not provide for allocating the * * * [Federal credit] among the various States, when the estate is not all located in any one of them. Nor does the Federal Act indicate that any State is to be given a preference over some other State. Nor does the law authorize the taxpayer to prefer one State over another.
"Article 7144a [Vernon's Annotated Civil Statutes] provides that if the estate be situated partly in Texas and partly outside of Texas, then the portion of the 80 per cent. credit to which Texas is entitled should be computed on the basis of the total amount of Federal taxes finally determined and assessed, in proportion to the value of that part of the estate situated in Texas, *531 as compared with that portion of the value of the estate situated outside of Texas. There is nothing in the Federal law or in Article 7144a that would indicate that one State would not be entitled to tax the property situated in that State, and would be deprived of the right to assess and collect its share of the taxes based upon the value of the property situated in such State.
"Under the terms of Article 7144a the taxpayer knew, or should have known, that there would be an inheritance tax due the State, in proportion to the amount of the estate situated in Texas. The case of State v. Wiess, Independent Executor, 141 Tex. 303, 171 S.W.2d 848, 147 A.L.R. 460, involved the construction of parts of Article 7144a in connection with the Federal statute. This Court upheld the validity of the statute involved, and held that the taxpayer and the Federal Government could not deprive the State of Texas of the additional inheritance tax allowed under Article 7144a by comprising the amount of taxes due the Federal Government. Applying the rule announced in that case, it follows that the taxpayer could not defeat the claim of Texas by paying certain sums to the States of Illinois and Indiana."[2]
From this, the board seems to contend that it would be inequitable that Wyoming be deprived of the right to assess and collect its share of the taxes so as to receive a proportion of the Federal tax credit based on the value of the property in this State as it relates to the total value of the estate. Assuming, without deciding, that such contention is valid, we must hold that the question is one for legislation and not one for judicial interpretation. In that connection we must be aware that the resolution of such a question is not without a constitutional problem, although it has not been presented for decision here.[3]
We find no legal basis for holding that the judgment of the trial court is erroneous and accordingly it must be affirmed.
Affirmed.
GRAY, J., not participating.
NOTES
[1] Art. 7144a, Vernon's Texas Statutes, 1936: "Sec. 5. * * * in case an estate is situated partly in this State and partly outside of this State, [the] * * * eighty * * * per cent shall be computed as eighty * * * per cent of the total amount of Federal taxes finally determined and assessed by the Federal Government * * * on and against that part of the estate situated in the State of Texas, and said amount of Federal Tax shall be determined by multiplying the total Federal estate tax on the entire estate by a percentage which shall be the same percentage as the percentage of the net estate located in Texas is to the total net estate of the decedent, wherever located * * *."
[2] Other states have passed laws more or less similar to that in Texas, e.g., § 198.04, Florida Statutes 1963, F.S.A.
[3] Although it is unquestioned that a state may not authorize a tax on property rated and measured in part by tangible property the situs of which is outside the taxing state, Treichler v. State of Wisconsin, 338 U.S. 251, 70 S.Ct. 1, 94 L.Ed. 37, in Maxwell v. Bugbee, 250 U.S. 525, 40 S.Ct. 2, 63 L.Ed. 1124 (1919), the United States Supreme Court addressed itself to an inheritance tax situation and held that when a state levies taxes within its authority, property beyond the state's territorial jurisdiction, and hence not taxable by the state, may be used as a measure of the tax imposed. However, Mr. Justice Holmes, Mr. Chief Justice White, Mr. Justice Van Devanter, and Mr. Justice Reynolds dissented, and this court is unaware of a like situation having since been up for decision.