

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

November 21, 1966

Honorable Robert S. Calvert                Opinion No. C-778
Comptroller of Public Accounts
Capitol Station                            Re: Taxability for inher-
Austin, Texas                                  itance tax purposes
                                               of Texas real estate
                                               belonging to a non-
                                               resident decedent
Dear Mr. Calvert:                              under submitted facts.

        You have requested the opinion of this office on the
above captioned matter.  You have advised us that the decedent,
who was a resident of Florida, owned certain Texas real property
at the time of his death and that the attorney for the estate
takes the position that said real property is exempt from inher-
itance taxes by virtue of the underscored portion of the follow-
ing provision of Article 14.01, Chapter 14, Title 122A, Vernon's
Civil Statutes:

        ". . .provided, however, that the tax imposed
    by this Chapter in respect to personal property of
    non-residents (other than tangible property having
    an actual situs in this State) shall not be payable;
    (1) if the grantor/or donor at the time of his death
    was a resident of a state or territory of the United
    States  which, at the time of his death, did not
    impose a transfer or inheritance tax of any character
    in respect of personal property of residents of this
    State (other than tangible personal property having
    an actual situs in said State); or (2) if the laws
    of the State or territory of the residence of the
    grantor or donor at the time of his death, contained
    a reciprocal provision under which nonresidents were
    exempted from transfer or inheritance taxes of every
    character in respect to personal property (other than
    tangible personal property having an actual situs
    therein) provided the State or territory of residence
    of such non-residents allowed a similar exemption to
    residents of the State or territory of residence of

-3731-

such a grantor or donor. For the purpose of this
Chapter the District of Columbia and possessions of
the United States shall be considered territories
of the United States. Provided further that the
provisions of this Chapter shall not apply to
residents of those states which have no inherit-
ance tax law." (Emphasis supplied.)

The attorney for the estate has stated his basic proposi-
tion as follows:

"The State of Florida does not have an inher-
itance tax law, but does have an estate tax law,
which seemingly imposes an estate tax similar to
the additional tax by Section 14.12 of our General
Taxation Law as amended by the 1965 Legislature.

"The Courts of this state have uniformly
differentiated between inheritance taxes and es-
tate taxes, holding the former to be taxes imposed
upon the right to receive or succeed to possession
or enjoyment of property, while the latter is
imposed upon the right of a donor to transfer
property.

"It is my opinion that the underscored pro-
viso means just what it says, and that our courts
could not read into the statute a holding that the
residents of a state which has an estate tax law
would be subject to Chapter 14 of our General
Taxation Laws unless it be on account of the 1965
amendment to Section 14.12."

It is, of course, unquestioned that only the state wherein
real property is situated has jurisdiction to impose any kind
of transfer or succession tax. Insofar as we have been able to
ascertain, no state having a death tax of either the inheritance
or the estate tax type has failed to levy a death tax when real
property within the state is subjected to death tax under the
controlling statutory provisions. The residence or nonresidence
of the decedent is immaterial. The proviso as interpreted by
the attorney for the estate would thus result in granting an
exemption from inheritance taxes when a nonresident decedent
owns real property within this State and the domiciliary state
does not impose an "inheritance tax." This result is urged

-3732-

despite the fact that the domiciliary state would have no jurisdiction to impose such a tax even if it had an "inheritance tax" law. And the same jurisdictional defect would exist even if the death tax were in the form of an "estate tax" except in those instances in which the state "estate tax" was enacted solely for the purpose of taking full advantage of the credit originally allowed against the federal estate tax by Section 301(b) of the Revenue Act of 1926, 26 U.S.C.A. Int. Rev. Code, Section 813 (b).[1] Simco v. Shirk, 146 Tex. 259, 206 S.W.2d 221 (1948); Sinnott v. Gidney, 322 S.W.2d 507 (Sup.Ct. 1959).

The whole purpose of the exemption provision was to prevent double or multiple taxation of personal, not real, property (other than tangible personal property having an actual situs in Texas) belonging to non-resident decedents.[2]

---

[1] The 1954 Code reaches this result by providing that the basic estate tax and the estate tax imposed by the Revenue Act of 1926 shall be 125% of the maximum credit allowed against the Federal estate tax for state death taxes paid. I.R.C., 1954 § 2011 (d), 26 U.S.C., § 2011 (d).

[2] This exemption provision has an interesting history. It was first enacted in 1929. Acts 41st Leg., 1st C.S., Ch. 50, p. 109. At that time under the decisions of the Supreme Court of the United States double taxation of transfers of intangibles was permissible. Shortly after it was passed, the Supreme Court decided four cases which limited the right to tax intangibles (reserving a decision of the question in the event such intangibles had acquired a business situs) to the decedent's domiciliary State. Farmer's Loan and Trust Co. v. Minnesota, 280 U.S. 204 (1930); Baldwin v. Missouri, 281 U.S. 586 (1930); Beidler v. South Carolina Tax Commission, 282 U.S. 1 (1930); First National Bank of Boston v. Maine, 284 U.S. 312 (1932). The reciprocal exemption provision was omitted when the inheritance tax law was amended by H. B. 990 in 1939. Acts 46th Leg., R.S. 1939, Ch. 13, p. 646. H. B. 990 passed the House on May 9, 1939. On May 29, 1939, the United States Supreme Court abandoned its single death tax theory and held that intangible property comprising a trust was subject to tax both in the state of the decedent owner's domicile and in the state in which the property was held by the trustee. Curry v. McCanless, 307 U.S. 357 (1939); Graves v. Elliott, 307 U.S. 383 (1939). Thus even before the act omitting the reciprocal provision was finally passed on June 20, 1939, there was again great need for the provision, which, however, was not reenacted until 1945. Acts 49th Leg., R.S., Ch. 98, p. 148.

The first part of the provision exempts such property if the domiciliary state or territory did not impose a death tax in respect of such property of residents of this state. The second part is completely reciprocal, and the third applies "to residents of those states which have no inheritance tax law."

Florida's estate tax is authorized by and limited to credit allowed that state by the federal Revenue Act of 1926. It is beyond the power of the State of Texas to increase or decrease this. Since this type of estate tax could not legally have been embraced with the Texas exemption provision, we must assume that the Legislature did not intend to enact an illegal and ineffectual statute.

The differences in the scheme of taxation between "inheritance" and "estate" taxes is not material to a decision of the question presently before us. Prior to the 1965 amendment[3] of our inheritance tax laws, Chapters 14 and 15 of Title 122A, Taxation-General of the Revised Civil Statutes of Texas, as amended, were entitled, respectively, "Inheritance Tax" and "Additional Inheritance Tax". Despite the Legislative designation of the tax imposed by Chapter 15 as an "inheritance tax", our courts have recognized that the additional tax is a tax which is in the nature of an "estate" tax. State v. Wiess, 141 Tex. 303, 171 S.W.2d 848 (1943); Strauss v. Calvert, 246 S.W.2d 287 (Tex.Civ.App. 1952, error ref., n.r.e.). Therefore, we think the use of the term "inheritance tax" in the proviso in question may be construed as including both inheritance and estate taxes.

Both "inheritance" and "estate" taxes are "death duties" which embrace all duties occasioned by death. 28 Am.Jur. 18, Inheritance, Estate, and Gift Taxes, Sec. 3; Matthews v. Jones, 245 S.W.2d 974 (Tex.Civ.App. 1952, error ref., n.r.e.). Although the subject matter of a death tax statute may be either the transmission of property or the legal privilege of taking property, the tax is essentially a transfer tax on certain gratuities flowing from the dead to the living. 28 Am.Jur., supra. When so analyzed, it is evident that the resulting tax in both cases is a burden upon or a diminution of the gratuity. It was to equitably distribute this burden and prevent unwarranted diminution of estates that the exemption provision in question

---

3/ Acts 1965, 59th Leg., ch. 402, p. 830

was enacted. Such being the purpose of the exemption, that purpose can be effectuated only by disregarding the technical differences between estate and inheritance taxes.

You are, therefore, advised that the Texas real property belonging to the nonresident decedent is subject to inheritance tax.

### S U M M A R Y

A nonresident decedent's real property situated within the State of Texas is not exempt from inheritance taxes by virtue of the exemption provided in Article 14.01, Vernon's Civil Statutes, for "residents of those states which have no inheritance tax law" because said provision is applicable only to certain classes of personal property for the purpose of preventing double or multiple taxation.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By Marietta McGregor Payne
Marietta McGregor Payne
Assistant

MMP:ck

APPROVED:

OPINION COMMITTEE
W. O. Shultz, Chairman
Gordon Cass
Bob Flowers
Pat Bailey
John F. Pettit

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright