

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

August 29, 1972

Honorable Robert S. Calvert
Comptroller of Public Accounts
State Finance Building
Austin, Texas 78774

Opinion No. M-1196

Re: Whether the value of a
life estate may be de-
ducted in computing in-
heritance taxes when the
life tenant died within
five years after receiv-
ing same.

Dear Mr. Calvert:

We have gathered the following facts from the files submitted in connection with your request on the above captioned matter.

George A. Mahler, husband of Ethel Mahler, died testate October 15, 1965. His wife, Ethel Mahler, received a life estate in his one-half of the community and in all his separate property. After allowable deductions, these properties were duly valued for inheritance tax purposes; and the inheritance tax on the wife's life estate was computed and paid on said valuation. At the same time, inheritance taxes were also paid on the remainder interests which passed to their two children. Ethel Mahler died February 2, 1968, devising her entire estate to the two children in equal portions. The Comptroller has not included the value of her life estate in determining the amount of inheritance taxes which ac-crued at her death. The attorneys for the estate contend that the value of the mother's life estate should be deducted as pre-viously taxed property in computing the inheritance taxes due from the two children.

At the death of both George A. Mahler and Ethel Mahler, the deduction for previously taxed property provided in Article 14.10[1]

---

[1] Vol. 20A, Tax.-Gen., V.C.S. (All subsequent article references are to Vernon's Annotated Texas Statutes.)

read as follows:

"The only deductions permissible under this law
are ... and an amount equal to the value of any prop-
erty forming a part of the gross estate situated in
the United States received from any person who dies
within five (5) years prior to the death of the dece-
dent, this deduction, however, to be only in the amount
of the value of the property upon which an inheritance
tax was actually paid and shall not include any legal
exemptions claimed by and allowed the heirs or legatees
of the estate of the prior decedent. ..."

You have advised us that it has been your consistent depart-
mental construction for more than forty years, that is, since
the enactment of the original deduction provision for previously
taxed property,[2] that no part of the value of a life estate re-
ceived from a prior decedent could be allowed as a deduction
on the death of the life tenant within the five-year period.

The attorneys for the estate take the position that the
only requisites for this deduction are (1) the inclusion for
inheritance tax purposes of the value of property in the gross
estate of the prior decedent, and (2) the death of the recipient
of said property within the five-year period.  They argue that
this result necessarily follows from the fact that the original
Texas deduction provision was taken from the then current Federal
estate tax deduction provision.  We quote the following excerpt
from their brief submitted in connection with this request:

"The old Federal law and Texas law have identi-
cal construction through the phrase 'five years prior
to the death of the decedent'.  There is some differ-
ence in wordage in that the Federal statute reads 'of
any person who died', while the Texas statute reads
'received from any person who dies'.  (underlined for
emphasis.)  The meaning in either event is not changed.
Both statutes have reference to the value of property

---

[2] Formerly Article 7125.  Acts 1929, 41st Leg., R.S., ch. 26,
p. 60.

which formed part of the gross estate of the person
who died five years 'prior' to the decedent."
(Emphasis theirs.)

We think that the above noted difference is one of major
distinction, predicated upon the fundamental difference in the
nature of an inheritance tax (levied upon the privilege of suc-
cession and computed upon the net value of the share received
by each recipient) and of an estate tax (levied upon the priv-
ilege of transfer and computed upon the net value of the estate
of the transferor).[3]  This difference, long recognized in Texas,[4]
was applied in Strauss v. Calvert,[5] and resulted in a denial of
a deduction for previously taxed property which was not received
from the prior decedent (as opposed to no receipt from the second
decedent in this case).

In the Strauss case, the court held that where, at the death
of a husband, the Federal Government imposed an estate tax upon
the entire community estate, and the State levied the full 80%
of the allowable Federal credit under Section 1 of Article 7144a,[6]
on the death of the wife within the five-year period, the bene-
ficiaries of the wife's will were not entitled to a deduction

---

[3] 42 Am.Jur.2d 221, Inheritance, etc., Taxes, §5.

[4] Inheritance taxes are not imposed upon property passing
at death, but upon the privilege of succession. State v. Jones,
290 S.W. 244 (Civ.App. 1927), rev'd on other grounds, Jones v.
State, 5 S.W.2d 973 (Com.App. 1928); State v. Hogg, 123 Tex. 568,
70 S.W.2d 699, rehearing denied 72 S.W.2d 593 (1934); Bethea v.
Sheppard, 143 S.W.2d 997 (Civ.App. 1940), error ref'd; Norton v.
Jones, 210 S.W.2d 820, 821 (Civ.App. 1948) error ref'd; Cahn v.
Calvert, 159 Tex. 385, 321 S.W.2d 869 (1959); Sinnott v. Gidney,
159 Tex. 336, 322 S.W.2d 507, 74 A.L.R.2d 544 (1959); Calvert v.
Ft. Worth Nat. Bank, 136 Tex. 405, 356 S.W.2d 918 (1962); Calvert
v. Coke, 458 S.W.2d 913 (1970). The "thing burdened with the tax
is the right to receive as distinguished from the right of trans-
fer." Bethea v. Sheppard, supra; Simco v. Shirk, 146 Tex. 259,
206 S.W.2d 221 (1947).

[5] 246 S.W.2d 287 (Tex.Civ.App., error ref., n.r.e. 1952).

[6] "...eighty (80) per cent of the total sum of the estate
and transfer taxes imposed on such estate by the United States
Government under the Revenue Act of 1926, by reason of the prop-
erty of such estate which is situated in this State and taxable
under the laws of this State."

for the value of her one-half of the community in computing the basic inheritance taxes levied by Article 7117. At pages 289, 290, the court said:

"The appellee has a fourth counterpoint to the effect that since the decedent, Mrs. Taub, did not receive her one-half of the community estate from her husband, Max Taub, at the time of his death, and since no State inheritance tax was levied against her share of such estate, Article 7125 does not authorize a deduction of the value of this property in computing the inheritance taxes due at Mrs. Taub's death.

"The Comptroller's Department has consistently construed Article 7125 to allow the deduction for previously taxed property only if such property had been received from a prior decedent. The department had construed the deduction allowed by Article 7125 for previously taxed property as inapplicable to a surviving spouse's share of the community estate on the death of such surviving spouse, even though the entire community estate had been included in computing the Federal estate taxes due at the death of the spouse first to die.

"Attorney General's opinion V-402, addressed to the Comptroller, held that the inclusion of the entire community estate in determining the amount of Federal estate tax due at the death of a husband did not prevent the State from imposing an inheritance tax on the right to succession to the wife's one-half community interest, even though the wife died less than five years after the death of her husband.

"We believe that the opinion of the Attorney General and the departmental construction by the Comptroller's Department is entitled to and should be given consideration and deference. Walker v. Mann, Tex.Civ.App., 143 S.W.2d 152 (error ref.).

"/2/ Mrs. Taub owned one-half of the community estate and as such owner did not receive anything from her husband other than a more complete control

of her property, and consequently had not received
it from a decedent within five years prior to her
death, and no inheritance tax was assessed by or
paid to the State within the last five years under
the provisions of Chapter 5 by reason of the trans-
fer or receipt of any part of the property which
constituted Mrs. Taub's estate at her death. Jones
v. State, Tex.Com.App., 5 S.W.2d 973; State v.
Wiess, 141 Tex. 303, 171 S.W.2d 848, 147 A.L.R. 460."

Thus, the inclusion in the decedent's estate of the same
property subjected to tax in the estate of a prior decedent did
not result in a deduction for previously taxed property, even
though the property had, in fact, been subjected to Texas death
taxes at the death of the prior decedent within the five-year
period, and even though it was actually received at the death
of the second decedent.

The evident purpose of the deduction for previously taxed
property is to prevent the diminution, or even extinction, of
estates which would otherwise be subjected to inheritance taxes
within the five-year period.[7]  In order for inequitable results
to ensue, there must not only have been an inheritance tax paid
at the death of the prior decedent, but also a second inheritance
tax must accrue at the death of the second decedent within the
five-year period by virtue of the receipt of the previously
taxed property. In the instant case, no part of the value of
the mother's life estate was received by the two children. No
tax accrued from which to make any deduction. No inequitable
result has ensued.

Although we do not think that our conclusion needs more
than the foregoing analysis to sustain it, we are of the further
opinion that in the event the deduction for previously taxed
property be deemed in anywise ambiguous or uncertain, a reasonable

---

[7] The most recent amendment provides for even greater amelio-
ration by allowing a deduction of a percentage of the value of
previously taxed property in graduated decreasing amounts over a
ten-year period. Acts 1971, 62nd Leg., p. 2945, ch. 974, 83,
eff. Aug. 30, 1971.

construction placed upon a statute by the Department charged with its administration is entitled to consideration and deference,[8] and will ordinarily be adopted and upheld by the courts. This rule is particularly applicable to an administrative construction of long standing, in the instant case, more than forty years.

## S U M M A R Y

The deduction allowed for previously taxed property in Article 14.10, 20A, Tax.-Gen., V.C.S., does not authorize the deduction of the value of a life estate in computing inheritance taxes when the life tenant dies within five years after receiving same.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Marietta McGregor Payne
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

James Broadhurst
Arthur Sandlin
John Reeves

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant

---

[8] Strauss, infra, p. 5; 52 Tex.Jur.2d 259-263, Statutes, §177.