The Honorable Bob Bullock Comptroller of Public Accounts State of Texas 104 L.B.J. State Office Bldg. Austin, Texas 78711
Re: Whether amendments to public employees deferred compensation plan can be delayed until the Internal Revenue Service issues a tax ruling on their effect.
Dear Mr. Bullock:
In 1973, the 63rd Legislature enacted article 6252-3b, V.T.C.S., authorizing a public employees' deferred compensation program. Section 3 of the Act places the administration of the program for state employees under the direction of the state comptroller. Prior to implementation of the program the state comptroller sought and obtained a favorable ruling from the Internal Revenue Service of the Treasury Department of the United States that compensation deferred under the program would not be subject to federal income tax until the year the benefits are received or made available under the program. The ruling provides:
 If the plan or the Agreements are modified or further amended in any manner, this ruling will not necessarily remain in effect.
Letter ruling from Lester W. Utter, Chief Individual Income Tax Branch, I.R.S., to Robert S. Calvert, Comptroller of Public Accounts (December 10, 1973).
The 65th Legislature amended the public employees deferred compensation program to expand the types of investment contracts authorized under the program. Senate Bill 917, Acts 65th Leg., Regular Session, 1977.
Your office has requested a ruling from the Internal Revenue Service on whether the inclusion of the additional investment products authorized by Senate Bill 917 would affect the previous favorable ruling on the program. The I.R.S. has not issued a ruling on your request to date.
You are concerned that if the amendments made by Senate Bill 917 are given effect on the effective date of September 1, 1977, or before a favorable ruling can be obtained, all amounts deferred under the modified program might be regarded by the IRS as having been constructively received by the participating employees and subject to federal income tax liability at the time of deferral. The Texas statute creating the program provides that any compensation which is deferred shall not be subject to taxation until payment is actually made to the employee.
You ask our opinion on the following question:
 Under the circumstances outlined above, should implementation of SB 917 be delayed until the I.R.S. issues a ruling stating the income tax consequences it would have on all participating employees of the State of Texas Deferred Compensation Program?
The Legislature has designated the comptroller as the person with authority to administer the deferred compensation program. V.T.C.S. art. 6252-3b, § 3. Section 1 of the Act provides that `[t]he state . . . may, by contract, agree with any employee to defer . . . any portion of that employee's compensation . . . .' Section 2 of the Act provides that the comptroller `is hereby authorized to enter into such contractual agreements with employees on behalf of the state. . . .'
Section 6 of article 6252-3b, V.T.C.S., contains what we believe is the key provision for the guidance of the comptroller's discretion in this instance:
 [A]ny sum deferred under the deferred compensation program shall not be subject to taxation until distribution is actually made to the employee.
The clear purpose of this Act is to defer federal income tax on the amounts of state compensation permitted to be deferred. The legislature is presumed to have full knowledge of the existing condition of the law when it enacts a statute. Allen Sales 
Servicenter, Inc. v. Ryan, 525 S.W.2d 863 (Tex. 1975). This presumption extends to relevant federal tax laws. Simco v. Shirk,206 S.W.2d 221 (Tex. 1947); State v. Wiess, 171 S.W.2d 848 (Tex. 1943). The legislature was obviously aware that there is no state tax on income, and that the federal income tax laws are applicable to the income of individual state employees, and that the Texas Legislature has no authority to effect changes in federal tax laws. Thus, the only reasonable interpretation of this provision in section 6 is that it is a directive that the deferred compensation program be so administered as to insure that federal income tax liability will be deferred on the amounts of compensation permitted to be deferred under the Act.
It is our opinion, therefore, that the legislature intended that the comptroller ascertain the time at which any contracts authorized by the amendments to the deferred compensation program may be entered into so as to establish that compensation permitted to be deferred under the program as amended will not be subject to federal income tax until distribution is actually made to the employee.
 SUMMARY
The comptroller may delay entering contracts authorized by recent amendments to the public employees deferred compensation plan until federal income tax consequences can be established.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee